# Milner et al. v. Milner.

## Action of Trespass.

1.  *Action of trespass; right of a co-tenant to maintain it.*—A tenant in common, owning with others a dwelling-house, one room of which is occupied by her exclusively, has a right to maintain trespass for the disturbance of her possession and occupancy of her room, not involving any injury to the room itself, without joining with her as parties plaintiffs her co-tenants.

2.  *Trespass; entering room to remove personal effects.*—Where a house, which descended to children as tenants in common from their mother, was afterwards occupied by their father and his second wife with his family, the fact that after the death of the father his second wife remained in the house, and exercised control as the head of the family, did not give her, when about to move thence, the right to enter a room in said house, which had up to that time been occupied by one of the co-tenants, against the protest of the latter, to take therefrom some articles claimed by said wife; and for such wrongful disturbance of her possession of the room, the said co-tenant may maintain trespass.

3.  *Same; effect of decree of probate court setting apart such articles as widow's exemption.*—In such an action of trespass for the wrongful disturbance of plaintiff's possession and occupancy of a bed-room, the fact that the articles claimed by the defendant and attempted to be taken from the room, had been set apart to her and a minor son of her late husband by his former marriage by a decree of the probate court as a part of their exempt personalty, did not confer upon such defendant the right to enter the room against the plaintiff's protest.

4.  *Charge to jury; joint and several trespass.*—In an action of trespass against two defendants for a joint and several wrong, a charge to the jury that instructs them that "whatever judgment they rendered, if against the defendant, must be a joint judgment against both defendants," is properly refused, as being misleading and invasive of the province of the jury.

APPEAL from City Court of Birmingham.

Heard before the Hon. W. W. WILKERSON.

This was an action of trespass brought by the appellee

against the appellants ; and sought to recover damages for a trespass alleged to have been committed in the bedroom of the plaintiff. The facts of the case are sufficiently stated in the opinion..

Among other portions of the court's general charge, to which the defendants excepted, was the following instruction : "The probate proceedings could not confer any right upon the defendant Leonora J. Milner to take said property." The court, at the request of the plaintiff, gave among others, the following written charges :   (1.) "If the property is in possession of another, and there is no evidence of title, the presumption is that it is the property of the person in possession, and it devolves upon the party taking it to show that he had a superior title."   (2.) "The court further charged the jury that the probate proceedings could not confer any right upon the defendant Leonora J. Milner to take the said property." The defendants separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give, among other charges requested by them, the following :   (10.) "If the jury believe from the evidence that, at the time the goods were taken and the room entered by defendant Rogers, the defendant Leonora J. Milner, the widow of E. L. Milner, deceased, was in general control and possession of the house, including the room occupied by plaintiff, and if the jury further believe from the evidence that at the time said room was entered and the goods taken the title to the premises was in the plaintiff and two other persons, then the plaintiff can not recover for the entering of said room."   (12.) "The court charges the jury that this is a joint suit against two defendants, and whatever judgment they render, if against the defendant, must be a joint judgment against both defendants, and the jury can not find judgment for one amount against one of the defendants and another amount against the other defendant, even if the plaintiff is entitled to recover, and the jury can not find or assess punitive damages, unless they believe that both defendants were guilty of rude or improper conduct."

There was judgment for the plaintiff. Defendants appeal, and assign as error the rulings of the trial court in giving and refusing to give the several charges to the jury.

LANE & WHITE, for appellants, cited *Shipman v. Baxter*, 21 Ala. 456; *Jackson v. Smith*, 75 Ala. 97; *Leinkauff & Strauss v. Morris*, 66 Ala. 406; *Motes v. Bates*, 80 Ala. 382.

WHITE & HOWZE, *contra*, cited *Layman v. Hendrix*, 1 Ala. 212-14; *Miller v. Jones*, 26 Ala. 247; *Gafford v. Stearns*, 51 Ala. 434; *Tarry v. Brown*, 34 Ala. 159; *Traylor v. Marshall*, 11 Ala. 458; *Burns v. Campbell*, 71 Ala. 291-2; *Newell v. Whitcher*, 38 Amer. Rep. 703; *Woodman v. Howell*, 92 Amer. Dec. 221, s. c. 45 Ill. 367.

McCLELLAN, J.—This is an action of trespass prosecuted by Maud Milner against Leonora J. Milner and one Rogers. The complaint claims damages "for trespass by the defendants" on a certain described bed room, which was at the time in the possession and occupation of the plaintiff, and for "wrongfully, violently and rudely taking and carrying away" therefrom certain items of personal property. The case was tried on the general issue.

The house, of which the room in question was a part, belonged to the plaintiff and her brother and sister in common, having descended to them from their mother. After the mother's death, their father continued in possession and occupancy of the premises, plaintiff living with him, until his death not long before this litigation arose. Meantime he had taken a second wife in the person of the defendant Leonora J. Milner who continued to reside in the house down to the time of the alleged trespass, plaintiff all the time occupying this room. Said defendant had the personal effects in the room set apart to her and a minor son of her late husband by his first marrage by a decree of the probate court, as in part their exemptions of personalty from administration; but plaintiff insisted on the trial of this case, and introduced evidence going to show, that her father had given her most of this property in his life time, and that as to the rest it had belonged to her mother and became hers at her mother's death. This gift by the father was denied by defendants, and one aspect of the evidence tended to show the contrary. There was also evidence that after her husband's death, Leonora continued in some sort the head of the family. She was

about to leave the premises, however, when the alleged trespass was committed. Indeed the trespass, if such it was, was a part of the act of removal by her, the personalty being taken from plaintiff's room and carried away in furtherance of that purpose. To this end the defendant Rogers, acting for the said Leonora, entered this apartment of hers against her warning and objection, having with him several negroes, and taking his seat in the room ordered them to remove its contents, which they proceeded to do. Plaintiff testified further that Rogers "was rude" in his conduct toward her, and to this testimony there was no objection.

It is manifest that the gist of this action lies in the disturbance of plaintiff's possession and occupancy of the room, and not in any injury done to the room itself, and hence, if her possession was rightful and was wrongfully disturbed the right of action is in her alone and not in her conjointly with her co-tenants in common. Having with others the title, it can not be doubted and is not contended but that her possession was rightful. The insistence is, however, that the disturbance thereof was not wrongful, the theory being that the defendant Leonora Milner, having remained in the house after the death of her husband, and continued to be, in a sense, the head of the household, had a right to enter any room on the premises including this one, notwithstanding objections on the part of those in the rightful occupation and use of them. We are unable to concur in this view. Mrs Milner, the defendant, was wholly without right to even continue on the premises after the death of her husband. She did remain there at the mere will and sufferance of the plaintiff, who was the only common tenant in possession. Her assumption or continued exercise of control as head of the family was similarly without other warrant than plaintiff's forbearance until such time as she chose to put an end to it. Having thus the right to the exclusive possession of the premises as against Mrs. Milner whenever and to whatever extent she saw proper to assert it, it was of course competent for her at any time, and in the mode shown by the evidence to have been adopted by her, to assert that right in respect of the room personally and immediately occupied by her, and after such assertion—after her protest and objection to Mrs. Milner's entering that room in the

person of her agent and his assistants—the defendants had no more right to cross its threshold than had they been the most casual strangers. Moreover, it is shown that Mrs. Milner was in the act of removing from the premises, and this would seem of itself to amount to a relinquishment of any right—if otherwise she would have had such right—based on the facts of her having continued to live in the house up to that time and acted as head of the family, if she had so acted. The entry into the plaintiff's room was, therefore, a trespass, and it was none the less so on the concession that the personal property therein belonged to Mrs. Milner. There is no authority in the law for taking and carrying away even one's own property through the commission of a trespass upon the property—possessory or by title—of another. On this principle the court properly instructed the jury that the probate proceedings, under which Mrs. Milner claimed the property, did not confer any right upon her to take it in the manner shown by the evidence. And this charge might also, perhaps, be rested on the consideration that if, as one aspect of the evidence went to show, this property belonged to plaintiff and not to the estate of her father, the probate proceedings were abortive to confer any right or title in or to it upon the widow and minor child, it not appearing that plaintiff was a party to those proceedings, even if that would make a difference, which we do not decide.

What we have said disposes of the objection to that part of the general charge whereby the jury were instructed that, "if the plaintiff was occupying the room, she had a right to it as against a wrongdoer," it being, as we have seen, undisputed that her occupation was rightful, and, as we have held, that such occupation became exclusive of Mrs. Milner and her agents upon plaintiff's objection to their entry. The jury could not have been *misled* to the conclusion that defendants were wrongdoers; under the uncontroverted evidence they were wrongdoers.

Charges 1 and 2, given at the request of the plaintiff, and the refusal of the court to give charge 10, requested by defendants, are similarly covered, and exceptions to these rulings of the court determined adversely to appellant by the conclusions announced above.

This action is joint and several. It was with the jury

to say that both defendants were guilty, or that neither was, or that either one was. It is a sufficient disposition of the exception to the court's refusal to give defendants' 12th charge, to say that the jury would thereby have been instructed that whatever verdict they might return, "if against the defendant,must be a joint judgment against both defendants." This would have been misleading and invasive of the province of the jury.

We have considered all the assignments of errors insisted on in argument, and, finding them without merit, the judgment is affirmed.