# Lovelace *v.* Miller, *et al.*

*Action for Damages for Assault and Battery.*

(Decided April 20, 1907.   43 So. Rep. 734.)

1. *Assault and Battery; Action; Joint Liability.*—Under section 44, Code 1896, in a civil suit begun against two defendants jointly a judgment may be rendered against one of them only.
2. *Same; Damages.*—Where the evidence discloses no justification for the assault the person assaulted is entitled to recover the actual damages he has sustained.
3. *Same; Evidence.*—Where it appeared that defendant was informed the day before committing the assault, of an insult offered his daughter by the person assaulted, evidence as to what certain parties told defendant as to the nature of the insult, about half an hour before the assault and battery, was inadmissible.

APPEAL from Escambia Circuit Court.

Heard before the Hon. J. C. RICHARDSON.

Action by Dewitt Lovelace against Henry Miller and another. Judgment for defendant, and plaintiff appeals. Reversed.

The plaintiff requested the following written charges, which were refused by the court: "(1) The court charges you, gentlemen of the jury, that, if you believe the evidence in this case, you must find for the plaintiff as against the defendant T. R. Miller for the actual damages plaintiff has sustained.   (2) The court charges the jury that if the proof reasonably satifies the jury that one of the defendants is guilty of the assault and battery charged, and fails to reasonably satisfy him that the other defendant is guilty, then your verdict should be for the plaintiff as against the defendant so reasonably proved to be guilty, and in favor of the defendant not so reasonably proved to be guilty.   (3) The court charges the jury that heat of blood on the part of the defendant T. R. Miller, not reasonably induced by word or act on

[Lovelace v. Miller, et al.]

the part of the plaintiff, cannot be considered in mitigation of the damages which plaintiff may have been shown to be entitled to recover."

The court gave the following written charges at the instance of the defendant: "(H) I charge you, gentlemen of the jury, that, if you believe the evidence in this case, you must find either in favor of both the defendants or against them both." "(B) I charge you, gentlemen of the jury, that, if you believe the evidence in this case, you cannot find in favor of one of the defendants and against the other; but, unless you are reosonably satisfied that both the defendants are guilty of the assault and battery upon plaintiff, then your verdict must be for the defendants." "(9) I charge you gentlemen of the jury, that, unless you are reasonably satisfied from the evidence in this case that Henry Miller and T. R. Miller committed an assault and battery jointly upon the plaintiff, then your verdict should be for the defendants."

A. L. RANKIN, and STEVENS & LYONS, for appellant. —The court erred in the admission of the testimony relative to the insult offered plaintiffs daughter'.—*Keiser r. Smith*, 71 Ala. 481, and authorities cited; *Hutts v. Shoaf*, 88 Ind. 395; *Castner v. Slicher*, 33 N. J. L. 507; 3 Cyc. pp. 1096-7-8. The court erred in excluding the testimony offered by plaintiff tending to show circumstances to disprove that he was the one offering the insult.—*Jones r. Stern*, 28 Ala. 677; *Sanders v. Stokes*, 30 Ala. 432; *Williams v. Haney*, 3 Ala. 371; *Sims v. Glazner*, 1 Greenl. 51; 16 Cyc. 1118. The witness Paul was shown to be an expert about the matter sought to be elicited.—*Mobile L. & I. Co. v. Walker*, 58 Ala. 290; Wigmore, § 555; 17 Cyc. 232. Written charge 3 should have been given for appellant.—Authorities under the 1st proposition. In actions ex delicto the verdict may be against one or more of defendants and in favor of the others, although they are sued jointly.—*Pounds v. Richards*, 21 Ala. 426; *Chaffee r. U. S.*, 18 Wall. 516; 21 L. Ed. 911; *R. & D. Co. r. Greenwood*, 99 Ala. 511; *Carlton r. Henry*, 129 Ala. 479; *Slade r. Street*, 77 Ala. 576;

[Lovelace v. Miller, et al.]

*Layman v. Hendrix,* 1 Ala. 212; *N. A. Ry. Co. v. Mansell,* 138 Ala. 563; *Carter v. Fulgham,* 134 Ala. 238; *Morris v. Robinson,* 80 Ala. 291; 1 Chitty's Pleadings, 36 (8th Am. Ed.) ; 11 Ency. of P. & P. 852; 15 Ency. P. & P. 583; *Tuttle v. Cooper,* 10 Pick. (Mass.) 281; *McMullen v. Church,* 82 Va. 501; 28 A. & E. Ency. of Law, 613; *Blackburn v. Baker,* 7 Port. 284; *Golding v. Hall,* 9 Port. 169; *Drake v. Berryman,* 14 Johns. 166; *Langsing v. Montgomery,* 2 Johns 382; *Owens v. Derby,* 3 Ill. 26.

LEIGH & LEIGH, and M. A. RABB, for appellee.—Under the complaint and pleadings in this case plaintiff could have recovered punitive damages.—*Wilkerson v. Searcy,* 76 Ala. 176. This being true, the court properly permitted Miller to testify to fact in mitigation or extenuation of such damages.—3 Cyc. 1087; *Gaithers v. Flowers,* 11 Me. 536; 3 Cyc. 1098; *Davis v. Frankie,* 33 Gratt. 413; 3 Cyc. 1090; *Redfield v. Redfield,* 39 N. W. 688; 3 Cyc. 1090 and 1103. Plaintiff is not authorized under the evidence to recover against Henry Miller and having brought joint action, must fail as to both defendants.— *Phillips v. Beene,* 16 Ala. 720; 22 A. & E. Ency. P. & P. pp. 527-568.

DENSON, J.—This action sounds in damages for an assault and battery alleged to have been committed by the defendants on the person of the plaintiff. The plaintiff, being a minor, prosecutes the suit in the name of a next friend. The cause was tried on the plea of the general issue; the trial resulting in a verdict and judgment for the defendants. From the judgment plaintiff took this appeal. There are several grounds in the assignment of errors, but we deem it unnecessary to discuss them seriatim, as there are two general propositions of law, a discussion of which we think, will show the errors into which the trial court fell, and will point the way to correct rulings in respect to the questions involved on a remandment and retrial of the cause.

It was contended by the defendants below that, as the complaint alleges an assault and battery committed by

both of the defendants—a joint assault and battery—
the plaintiff should show liability on the part of both of
the defendants, or there should be a verdict for both, al-
beit the evidence without conflict shows an assault and
battery by one of them. This contention was upheld by
the trial court, as is shown by charges refused to the
plaintiff and those given for the defendants. Going
back to Chitty on Pleading, we find the law stated in
the following language: "* * * Where in point of
fact and of law several persons might have been guilty
of the same offense, the joinder of more persons than
were liable, in a personal or mixed action in form ex
delicto, constitutes no objection to a partial recovery
and one of them may be acquitted, and a verdict taken
against the others."—1 Chitty on Pleading, p. 86. The
author cites in support of this proposition the follow-
ing authorities: *Lansing v. Montgomery,* 2 Johns. (N.
Y.) 382; *Cooper v. Smith,* 4 Taunt. 802; *Jackson v.
Woods,* 5 Johns. (N. Y.) 280, 281; *Cunningham v. Dyer,*
2 T. B. Mon. 51; *Hayden v. Nott,* 9 Conn. 367. The same
rule is stated in the Encyclopedia of Pleading & Prac-
tice, in the following language: "In actions ex delicto a
joint liability need not be proved, and consequently a
misjoinder of defendants will not defeat a recovery
against any or either proved guilty."—15 Ency. of Pl. &
Pr. 583. See, also, the cases cited in note 4 to the text.
And in *Pounds v. Richards* our own court states the
rule in this language: "In actions of tort, it is compe-
tent for the jury to find one of the parties guilty, and an-
other not guilty. It may turn out, also, that there may
be no evidence conducing to show the guilt of one of the
defendants, while as to the others there may be a strong
case made out. * * * Indeed, it would have been
regular, if the plaintiff had introduced no proof what-
ever of the guilt of one of the defendants, to have di-
rected his acquittal before the jury passed on the guilt
of the others."—*Pounds v. Richards,* 21 Ala. 424; *Chaf-
fee v. United States,* 18 Wall. (U. S.) 516, 21 L. Ed. 908
In the case of *Milner v. Milner,* a case for trespass on a
bedroom, the court said, through McClellan, J.: "This
action is joint and several. It was with the jury to say

that both the defendants were guilty, or that neither was, or that either one was."—*Milner v. Milner*, 101 Ala. 599, 603, 14 South. 373. Then we have a statute which provides: "When a suit is instituted against several defendants, whether sued as partners or otherwise, the plaintiff may recover against one or more, but is liable to costs to those against whom he does not obtain judgment."—Code 1896, § 44. Nothing decided in the case of *Carleton v. Henry*, 129 Ala. 479, 29 South. 924, is in conflict with the principles decided in the case referred to or announced in the books referred to.

In the light of the cases and texts referred to, as well as in that of the statute, it is clear that, notwithstanding the jury might have believed from the evidence that Henry Miller took no part in the assault, was not connected with it either by active participation or by the ligament of a common purpose, yet if they were reasonably satisfied from the evidence that T. R. Miller was guilty, a verdict might have been rendered by the jury against him, and the court should have so instructed them. It follows that the court erred in refusing the second charge asked by the plaintiff, and in giving the charges requested by the defendants. The evidence shows without conflict that an assault and battery was committed by the defendant T. R. Miller on the plaintiff, and there is nothing disclosed in the evidence which shows justification of the assault. In this view, charge 1, requested by the plaintiff, should have been given.

This brings us to consider the rulings of the court in respect to the evidence. It was claimed by the defendants that on the day before the day on which the assault and battery was committed the plaintiff called the daughter of defendant T. R. Miller, sister of defendant Henry Miller, over the telephone in Brewton, and made an indecent request of her. The defendant T. R. Miller, who was not at home, did not hear of the circumstances until the next day. At the time he heard of it, he was 20 miles from Brewton, but left immediately for Brewton. On his arrival in Brewton he went to his home, but did not see his daughter. He testified that he had a conversation with several people, before the assault

was committed, about the matter, and that his son Henry was one of those with whom he talked about it. He was asked if those with whom he talked told him of the nature of the insult to his daughter. Against the objection of the plaintiff, he was allowed to state what they said to him as to the nature of the insult. The nearest, to the time of the assault, that any of the evidence puts the giving of the information as to the nature of the insult, was 30 minutes before. The insistence of the defendants (appellees) is that the evidence was competent for the consideration of the jury in mitigation of punishment or vindictive damages; the argument being that the information was sufficient to dethrone defendant's reason, and to arouse hot blood and passion, and to cause him to do what he did, not through malice, but in the heat of blood and passion.

In the case of *Terry v. Eastland,* 1 Stew. (Ala.) 156, a civil suit for an assault and battery, and which was decided as far back as 1828, the defendants offered to prove, in mitigation of damages, that a short time before the combat, and in their absence, the plaintiff had publicly stated that they had been concerned in passing counterfeit money; that this charge had come to their knowledge; and that, immediately before the assault, one of the defendants saw the plaintiff passing, and accosted him in an angry manner and requested a conversation with him, which the plaintiff declined. This testimony was rejected by the court. In sustaining the ruling of the lower court, this court said: "Remote circumstances, not immediately connected with the transaction or forming a part of the res gestæ, though they may produce a high and continued excitement, cannot be given in evidence. If between the provocation and the assault there had been sufficient interval for passion to subside and for the understanding to deliberate, the injury must be imputed to the motive of revenge, and not to the frailty of human nature. It would, indeed, be dangerous to permit men to carve out for themselves retaliation for injuries, either real or imaginary. If men, actuated by what they conceive to be a high sense of honor, * * * assume the right of avenging their

[Lovelace v. Miller, et al.]

own wrongs, they ought not to complain if their acts are adjudged by the strict rules of law."

It is on the same principle as there enunciated that a husband, who takes his wife in the act of adultery and immediately slays her or her seducer, may give in evidence the fact, to reduce the homicide from murder to manslaughter; but it has never been held in this jurisdiction that the husband's being told of the circumstances before the killing could be used as evidence to reduce the degree of the homicide or to mitigate the punishment.—*McNeill's Case*, 102 Ala. 121, 15 South. 352, 48 Am. St. Rep. 17. And if evidence of reports as to the infidelity of a wife may not be considered, to show lack of malice and in mitigation of punishment to be meted out to the husband for killing her partner in crime, how, with show of reason, can it be said that a report of the exact words constituting the insult to the daughter, detailed to the father a day after he had been informed that she had been insulted, and 30 minutes before the commission of the assault, may be given in evidence in a civil action in mitigation of punitive damages?

It must be borne in mind that self-defense is not relied on here. Indeed, the evidence not only shows that the defendants brought on the difficulty, but without conflict shows they went to plaintiff's place of business and carried him to the place where the whipping was administered without resistance. Not only that, but the assault and battery was committed notwithstanding plaintiff all the while stoutly protested that he was not the person who had insulted the young lady. The evidence, in other words, shows deliberation in respect to administering punishment to the plaintiff. We are of the opinion that the evidence in respect to the information given defendant as to the nature of the insult, may well be held inadmissible, on the principles discussed in *Terry v. Eastland, supra,* and in *Keiser v. Smith,* 71 Ala. 481, 46 Am. Rep. 312. See, also, *Mitchell v. Gambill,* 140 Ala. 316, 37 South. 290; *Rarden v. Maddox,* 141 Ala. 506, 39 South. 95.

It follows that the court committed reversible error in admitting the evidence as to the information given the

[Town of Eutaw v. Botnick.]

defendant regarding nature of the insult. It would seem that, on another trial, the evidence should be confined to the res gestæ of the assault and battery, and it is unnecessary to discuss other rulings of the court on the admissibility of evidence.

For the errors pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON and SIMPSON, J., concur.