# Lefkovitz, *et al. v.* Lester.

## *Trover.*

(Decided November 10, 1914. 66 South. 894.)

1. *Mortgages; Chattels; Conversion; Joint Action of Trover.*— Where a mortgage on crops is recorded in the county in which the crops were grown, and the mortgagor converts the crops by selling them, a joint action in trover may be maintained against the mortgagor and the purchaser; the purchaser having constructive notice, and hence, not a bona fide purchaser for value.

2. *Same; Evidence.*—Where the action was in trover against the mortgagor and purchaser for the conversion of crops, and the defense was that the mortgagor sold the crops and paid the proceeds thereof on a debt covered by the landlord's lien, which had priority over the mortgage, but there was evidence tending to show that the proceeds were paid on a debt not covered by the lien, the defendant was not entitled to have the verdict directed.

3. *Appeal and Error; Harmless Error; Evidence.*—Where the witness afterwards stated that the rent notes of the land were made directly to H., any error in excluding a question as to whether or not the land was rented from H., as agent or was rented from him straight, was cured.

4. *Evidence; Opinion; Writing.*—Where a witness testified that there was a rent note, and also stated to whom the note was payable, it was not competent for him to give the undisclosed mental operation by which he concluded that a certain person was his landlord.

5. *Same; Best and Secondary; Lost Letters; Contents.*—Where there was no offer to prove contents of the letters in reply to one written or that there was a diligent search for them, the witness stating that he turned two of them over to his lawyers, and that some of them had been lost, it was not proper to inquire of the witness as to what he wrote.

APPEAL from Shelby County Court.

Heard before Hon. E. S. LYMAN.

Action by Rufus Lester, revived in the name of his executor, against Max Lefkovitz and others for the conversion of certain property. Judgment for plaintiff, and defendants appeal. Affirmed.

The facts sufficiently appear from the opinion. The special pleas set up want of consideration; that plaintiff claimed through the mortgage, and that the consid-

eration of the mortgage was a mule bought by Sharbutt from said Rufus Lester, and that the mule was returned to Lester, and he received and sold it to other parties; that the proceeds of the sale of cotton went to pay the rent of the land on which the same was raised, and was therefore a superior lien to the mortgage; and that the proceeds went to pay advances made by or on account of the landlord which was a superior lien to that of the mortgage. The following charges were refused to defendant:

(1) Affirmative charge for defendant.

(2) If you believe the evidence, you cannot find a verdict for plaintiff.

(3) Same.

(5) The court charges the jury that, if you believe the evidence in this case, you cannot find a verdict against more than one of defendants.

(9) The court charges the jury that, when one party sells property to another, such sale and purchase does not, in law, constitute the seller and purchaser joint tort-feasors.

Written charge 5 given for plaintiff is as follows:

The court charges the jury that plaintiff on the beginning of this suit assumed the burden of proving the allegation of their complaint, and I charge you that plaintiff discharged this burden, and the burden was then shifted to defendants to prove one of their special pleas, and, after considering all the testimony, if you are not reasonably convinced from the testimony that either of their said pleas were true, then you must find for defendant.

RIDDLE, ELLIS & RIDDLE, for appellant. Under the evidence Sharbutt was the agent of Horton to sell the cotton, and as he sold it and applied it to the landlord's

lien, and defendant was entitled to the affirmative charge.—*Belser v. Youngblood,* 103 Ala. 545; *Beyer v. Fields,* 134 Ala. 236. Leftkovitz was a bona fide purchaser, and hence, a joint action in trover could not be maintained.—*Larkin v. Eckwurzel,* 42 Ala. 322. The evidence established pleas 4 and 5 without conflict, entitling defendant to the affirmative charge.—*McDonald v. Ry. Co.,* 110 Ala. 161.

HAYNES & WALLACE, and SAMUEL HENDERSON, for appellee. The mortgage was recorded, and was notice to the world, and hence, the purchaser was not a bona fide purchaser without notice, and the action was properly joined against the mortgagor in question.—*Chadwick v. Russell,* 117 Ala. 290; *McCoy v. L. & N.,* 146 Ala. 337; *Ensley L. Co. v. Lewis,* 121 Ala. 95. The evidence was not without conflict that the proceeds of the crop was paid to the landlord, and hence, defendant was not entitled to the affirmative charge on that count.— *Tallassee F. Mfg. Co. v. Bank,* 159 Ala. 315; *Keith & Sons v. Ham,* 89 Ala. 591.

PER CURIAM.—This was an action of trover by the mortgagee of personal property against the mortgagor and the purchaser from him of the mortgaged property. Under the evidence there was no room for controversy, and the bill of exceptions does not indicate that there was any controversy in the trial, as to the facts that the property alleged to have been converted was part of the crop covered by the mortgage to the plaintiff, and was grown in the county in which the mortgage was duly recorded before the sale of that property by one of the defendants to the other. The contentions which the defendants (appellants here) sought to sustain were that the sale of the cotton was not a con-

version, because the proceeds were applied on a debt which was secured by a landlord's lien which had precedence of that of the mortgage to the plaintiff, and that the defendants, one of them the mortgagor and the other the purchaser from him, did not become jointly liable for a conversion as a result of the sale by the former to the latter.

If the cotton was converted by a sale of it in which each of the defendants participated, one as the seller and the other as the purchaser of it, both having notice of the plaintiff's rights, a joint action was maintainable against them for the wrongful act.—*Pippin v. Farmers Warehouse Co.*, 167 Ala. 162, 51 South. 882; *Powell, et al. v. Thompson*, 80 Ala. 51. A different rule is not stated in the opinion in the case of *Larkins & Moore v. Eckwurzel*, 42 Ala. 322, 94 Am. Dec. 651, upon which counsel for the appellants rely. That was a case of a joint action in trover brought against the seller and the buyer of a chattel, where the latter was a bona fide purchaser, without knowledge or notice of the plaintiff's rights. In the case at bar the record of the mortgage charged the buyer with notice of the plaintiff's rights under the mortgage, and he was in no position to claim protection as a bona fide purchaser without notice.—*Chadwick v. Russell*, 117 Ala. 290, 23 South. 524; Code, § 3386.

The cotton alleged to have been converted was grown on land which was owned by one Mitchell. It was sought to be shown that Sharbutt, one of the defendants, rented this land, not from Mitchell, but from one Horton, and that the proceeds of the sale of the cotton were applied on a debt to Horton which was secured by a lien in his favor as landlord. There was evidence tending to prove that Horton acted a Mitchell's agent in renting the land, and that Mitchell, and not Horton, was really

Sharbutt's landlord; that the rent due to Mitchell was duly paid by Sharbutt; and, that if the latter owed Horton anything, it was not a debt which was secured by a lien which was superior to that of the mortgage to the plaintiff. Neither of the two special pleas was proved by undisputed evidence. This is apparent on a consideration of the averments of those pleas in the light of the above-named tendencies of the evidence. It follows from what has been said above that the court was not in error in refusing to give written charges 1, 2, 3, 5, and 9 requested by the defendants.

The court is not chargeable with error for overruling the motions of the defendants to exclude what the witness Walton said as to Max Sharbutt's signing the mortgage, and to exclude the mortgage, as it could be inferred from the testimony of the witness that, before he attached his name as a witness, he saw both of the mortgagors sign the instrument, though he was uncertain as to whether both signed at the same time.

If there was error in the action of the court in sustaining the plaintiff's objection to the question asked the defendant Sharbutt as to whether or not "he rented the land from Horton as agent, or just rented it from him straight as landlord;" the error was cured; as subsequently the witness was permitted to state that "the rent note was made payable to James Horton. It was made straight to James Horton, without any agency about it." The defendant Sharbutt was permitted to give his version of the facts and circumstances of the renting and tenancy. Evidence as to the facts having been let in, the defendants were not entitled to have one of themselves, Sharbutt, state the indisclosed operation of his mind in recognizing or thinking of Horton as his landlord.

[Lefkovitz, et al. v. Lester.]

It is not made to appear that the court was in error in sustaining the plaintiff's objection to the question asked the witness Horton, "What was it you wrote him?" referring to a letter or letters written by the witness to Mitchell, the owner of the land. Such letter or letters, unaccompanied by evidence of any reply from Mitchell, could not tend to prove the latter's assent or agreement to anything stated by Horton. There was no offer to prove the contents of the letters from Mitchell, stated by the witness to have been received by him in reply to what he wrote to Mitchell, and there was no evidence of a diligent search having been made for such letters from Mitchell, the witness merely stating that he turned two of them over to his lawyers, and that some of them had been lost. The ex parte statements of the witness, evidence of which was called for by the question, would not, standing by themselves, have tended to prove anything which the defendants were entitled to prove.

In view of the fact that, under the evidence adduced on the trial, the plaintiff was entitled to recover, unless the jury found from the evidence introduced in support of the defendants' special pleas that at least one of them was proved, there is nothing for the appellants to complain of in written charge 5 given at the request of the plaintiff.

There is no reversible error in the record.

Affirmed.

NOTE.—The foregoing opinion was prepared by Presiding Judge WALKER before his retirement from the Court of Appeals, and has been adopted by the court.