199 So. 732

## GENEVA GIN & STORAGE CO. v. RAWLS et al.

### 4 Div. 568.

Court of Appeals of Alabama.
June 11, 1940.

Rehearing Denied June 25, 1940.

Reversed on Mandate Jan. 14, 1941.

Mulkey & Mulkey, of Geneva, for appellant.

J. W. Hicks, of Enterprise, for appellees.

RICE, Judge.

In the words of appellant: "There is only one count of the complaint by appellant (plaintiff, below) which is for conversion by the defendants, J. P. Rawls, of Enterprise, Coffee County, Alabama, and Henry Donnell, a negro, of Geneva County, Alabama, on, to-wit: January 23, 1937, of three bales of cotton, the property of Geneva Gin and Storage Company.

"The facts are agreed upon and are as follows: If the plaintiff is entitled to recover the amount thereof is $152.10. The cotton in question belonged to plaintiff and was stolen by Henry Donnell on or about the date named in the complaint out of its warehouse in Geneva County. Donnell used his own truck for the delivery of the cotton to defendant J. P. Rawls in Coffee County; selling the cotton to Rawls, who paid to him the market price therefor without actual or constructive notice that the cotton was stolen."

On these facts the court below rendered judgment, in a trial without a jury, for the defendants.

We think the law that governs is correctly epitomized in the head-note (supported by the opinion) to the report of the case of Larkins & Moore v. Eckwurzel, 42 Ala. 322, 94 Am.Dec. 651, to-wit: "While it is clear, that he who sells, and he who buys the chattels of another,· which has been wrongfully converted, may both be sued separately, for a conversion;. yet, *where the purchaser buys, bona fide, and without a knowledge of the conversion by the seller, it seems to be the better opinion, that they can not be sued jointly."* (Italics ours). And see Powell et al. v. Thompson, 80 Ala. 51.

Or as it is stated in 65 Corpus Juris p. 65, Sec. 104: "All persons engaged in a conversion are liable as principals; they are liable and may be sued jointly or severally, *provided,* in case it is sought to hold them *jointly* liable, *the conversion was joint."* (Italics ours). And see Lefkovitz et al v. Lester, 11 Ala.App. 504, 66 So./894.

The whole matter under discussion is summed up, in language that we borrow and adopt, used by the annotator making the note to the report of the case of American Smelting & Refining Company, Impleaded etc. v. Frederick C. Hicks et al., 65 Colo. 146, 172 P. 1055, L.R.A.1918 F, page 302, to-wit: "It is settled law that a subsequent purchaser of property from some one other than the true owner is liable for the conversion of the property if he refuses to return it to the true owner on demand. * * * It is clear that it is not necessary to join the original converter of the property with a subsequent purchaser, in an action against the latter for the wrongful conversion of the property. * * * And it has been held that *these parties cannot be joined* in a trover action, *where the subsequent purchaser purchased bona fide, and without knowledge that the seller was not the owner of the property.* Larkins ·v. Eckwurzel, 42 Ala. 322, 94 Am. Dec. 651, 654." (Italics supplied by us). This latter seems to be the case, here. And the trial judge rendered the only judgment permissible.

It is affirmed.

Affirmed.

### Opinion after Remandment.

By direction of the Supreme Court, Code 1923, § 7318, the judgment here appealed from is reversed. And judgment is here and hereby rendered in favor of appellant and against appellees, jointly, for the sum of $152.10, with interest to be added thereon and ·thereto at the rate of .6· per cent per annum from January 23, 1937, to date of payment of the judgment.

Reversed and rendered.