199 So. 734

GENEVA GIN & STORAGE CO. v. RAWLS et al.

4 Div. 163.

Supreme Court of Alabama.

Oct. 17, 1940.

Rehearing Denied Dec. 12, 1940.

Mulkey & Mulkey, of Geneva, for petitioner.

Harry Adams, of Enterprise, opposed.

KNIGHT, Justice.

This cause is before us to review and revise the opinion and judgment of the Court of Appeals in the case of Geneva Gin & Storage Co. v. J. P. Rawls et al., 29 Ala.App. 606, 199 So. 732.

The suit was instituted in the Circuit Court of Geneva County by the petitioner here, the said Geneva Gin and Storage Company, against the said Rawls and Donnell for the conversion of three bales of lint cotton, the property of the plaintiff. The complaint charges a conversion jointly by the two named defendants.

The cause was tried in the circuit court on an agreed statement of facts which is set out in the opinion of the Court of Appeals as follows: "If the plaintiff is entitled to recover the amount thereof is $152.-10. The cotton in question belonged to plaintiff and was stolen by Henry Donnell on or about the date named in the complaint out of its warehouse in Geneva County. Donnell used his own truck for the delivery of the cotton to defendant J. P. Rawls in Coffee County; selling the cotton to Rawls, who paid to him the market price therefor without actual or constructive notice that the cotton was stolen."

Upon the agreed statement of facts the circuit court rendered judgment for both defendants. The Court of Appeals has affirmed this judgment. We are now called upon to review and revise this judgment of the Court of Appeals.

No doubt the judge of the circuit court, who tried this case without a jury, was of the opinion that, while the complaint claimed as for a joint tort by the two defendants, the evidence showed separate torts by defendants; that while Rawls was guilty of a tort in acquiring the possession of, and assuming dominion over, the cotton of plaintiff, he did so without knowledge, actual or constructive, that the cotton had been stolen from plaintiff, and therefore he was not a joint tort-feasor with the thief, the said Donnell, and could not be jointly sued with him.

The court of appeals, it is evident, took a similar view. No doubt both courts were impressed that the case of Larkins & Moore v. Eckwurzel, 42 Ala. 322, 94 Am. Dec. 651, was controlling.

It is evident that in the Eckwurzel case the court overlooked the statute then in force, now Section 5720 of the Code. Lovelace v. Miller, 150 Ala. 422, 43 So. 734,

11 L.R.A.,N.S., 670, 14 Ann.Cas. 1139. Section 5720 of the Code provides: "When a suit is instituted against several defendants, whether sued as partners or otherwise, the plaintiff may recover against one or more, but is liable to costs to those against whom he does not obtain judgment."

■■■ It is well-settled law, of course, that one who steals the property of another is guilty of a tort against the owner, for which the latter may bring an action for conversion. And it is also well settled that the trespass, committed in the original taking, did not in contemplation of law divest the true owner of the possession; and "every moment's continuance of the trespass and felony is, in legal consideration, a new caption and asportation." Smith v. State, 55 Ala. 59.

■■■ It is also the law that whoever undertakes tortiously to deal with the property of another as his own, or tortiously detains it from the true owner, is, in contemplation of the law, guilty of a conversion. A "conversion, in the sense of the law of trover, consists either in the appropriation of the thing to the party's own use and beneficial enjoyment, or in its destruction, or in exercising of dominion over it, in exclusion or defiance of the plaintiff's right, or in withholding the possession from the plaintiff, under a claim of title inconsistent with his own." Conner & Johnson v. Allen & Reynolds, 33 Ala. 515.

■■■ In fact every unlawful intermeddling with the goods of another is a conversion, and it is no defense to an action by the true owner that the person so receiving the goods, was ignorant of his title. Lee v. Mathews, 10 Ala. 682, 44 Am. Dec. 498; Hudmon Bros. v. Du Bose, 85 Ala. 446, 5 So. 162, 2 L.R.A. 475; Gruntal v. United States Fidelity & Guaranty Co., 254 N.Y. 468, 173 N.E. 682, 73 A.L.R. p. 1342.

■■■ A person who has stolen the goods of another cannot pass any title thereto to another, whether such other knew, or did not know, that the goods were stolen. 4 R.C.L. 294.

■■■ Both the thief, Donnell, and the purchaser were guilty of a conversion of plaintiff's property and were liable in an action of trover to the owner, plaintiff.

It is axiomatic that a sale, whether legal or illegal, requires two parties, a seller and a purchaser, and a sale requires concurrent acts, one the sale and delivery of the property, and the other, the purchasing and receiving the same.

When the thief, Donnell, sold and delivered the property to the purchaser Rawls, and the latter received and undertook to assume dominion over the same, both became joint tort-feasors, and both liable jointly in an action of trover and conversion to the owner, and this, too, without regard to whether Rawls had prior knowledge of the fact that Donnell had stolen the property.

In the case of Lovelace v. Miller, 150 Ala. 422, 43 So. 734, 735, 11 L.R.A.,N.S., 670, 14 Ann.Cas. 1139, it was observed in an opinion by Denson, J.: "It was contended by the defendants below that, as the complaint alleges an assault and battery committed by both of the defendants —a joint assault and battery—the plaintiff should show liability on the part of both of the defendants, or there should be a verdict for both, albeit the evidence without conflict shows an assault and battery by one of them. This contention was upheld by the trial court, as is shown by the charges refused to the plaintiff and those given for the defendants. Going back to Chitty on Pleading, we find the law stated in the following language: '* * * Where in point of fact and of law several persons might have been guilty of the same offense, the joinder of more persons than were liable, in a personal or mixed action in form ex delicto, constitutes no objection to a partial recovery, and one of them may be acquitted, and a verdict taken against the others.' 1 Chitty on Pleading, p. 86. The author cites in support of this proposition the following authorities: Lansing v. Montgomery, 2 Johns. (N. Y.) 382; Cooper v. Smith, 4 Taunt. 802; Jackson v. Woods, 5 Johns. (N.Y.) [278] 280, 281; Cunningham v. Dyer, 2 T.B.Mon. [Ky., 50] 51; Hayden v. Nott, 9 Conn. 367. The same rule is stated in the Encyclopedia of Pleading & Practice, in the following language: 'In actions ex delicto a joint liability need not be proved, and consequently a misjoinder of defendants will not defeat a recovery against any or either proved guilty.' 15 Ency. of Pl. & Pr. 583. See, also, the cases cited in note 4 to the text. And in Pounds v. Richards our own court states the rule in this language: 'In actions of tort, it is competent for the jury to find one of the parties guilty, and another not guilty. It may turn out, also, that there may be no evidence conducing to show the guilt of one of the defendants, while as to the others there may be a strong case made out. * * * Indeed, it would have been regular, if the plaintiff had introduced no proof whatever of the guilt of one of the defendants, to have directed his acquittal before the jury passed on the guilt of the others.' Pounds v. Richards, 21 Ala. 424; Chaffee v. United States, 18 Wall. 516, 21 L.Ed. 908. In the case of Milner v. Milner, a case for trespass on a bedroom, the court said, through McClellan, J.: 'This action is joint and several. It was with the jury to say that both the defendants were guilty, or that neither was, or that either one was.' Milner v. Milner, 101 Ala. 599, 603, 14 So. 373. Then we have a statute which provides: 'When a suit is instituted against several defendants, whether sued as partners or otherwise, the plaintiff may recover against one or more, but is liable to costs to those against whom he does not obtain judgment.' Code 1896, § 44. * * *"

It is our judgment that on the agreed facts the plaintiff was entitled to judgment against both defendants, and that the Court of Appeals erred in not so holding. It follows, therefore, that the writ of certiorari prayed for must be granted, and the judgment of the Court of Appeals reversed, with direction to that court to enter judgment for the plaintiff against both defendants for the amount of $152.10, with interest thereon at six per cent (6%) from January, 1937.

We may here state, before concluding this opinion, that the case of Powell et al. v. Thompson, 80 Ala. 51, is not here in point.

Writ granted; reversed and remanded to the Court of Appeals, with directions.

All the Justices concur.