SHORES, Justice.
This is an appeal by the plaintiffs from a summary judgment in favor of the defendant, Jim Magill Chevrolet, Inc. The complaint alleged fraud and conversion of a 1977 Pontiac.
In September 1983, Jerry and Sammy Bajalia delivered their 1977 Pontiac Trans Am automobile to Jim Magill Chevrolet for repairs. In October of that same year, the car was stolen by third parties from the *490 enclosed and locked yard of Jim Magill Chevrolet. It was subsequently recovered in Tennessee on October 3.
C.D. Slaughter, service manager for ap-pellee, testified that he received a phone call from Jerry Bajalia at 7:30 a.m. on October 3,1983, to inform appellee that the Bajalias’ car had been stolen and had been recovered in Tennessee. Slaughter further testified that this was the first information he had that the car was missing from Jim Magill Chevrolet’s parking lot.
The complaint alleged that the plaintiffs called defendant’s place of business on October 1, 1983, and demanded the return of their vehicle. It alleged that, at that time, defendant fraudulently misrepresented that the vehicle was being “buffed out” and was “not quite done,” when in fact the car had been stolen by teenagers and defendant knew it had been stolen.
In their affidavit in opposition to Jim Magill Chevrolet’s motion for summary judgment, the Bajalias allege that the demand for their vehicle and the statement that the car was being “buffed out” were made on October 31 instead of October 1, 1983. They say they did not call appellee on October 3 to inform them of the car’s theft; rather, they say that defendant Jim Magill Chevrolet knew from the beginning of October that the car had been stolen and that the defendant misrepresented to Jerry Bajalia on October 31 that it still had the car and was buffing it out.
The plaintiffs contend that Jim Magill Chevrolet’s conduct amounts to a conversion.
The law of conversion is clear in Alabama. The elements of this tort are:
A “conversion, in the sense of the law of trover, consists either in the appropriation of the thing to the party’s own use and beneficial enjoyment, or in the destruction, or in the exercising of dominion over it, in exclusion or defiance of the plaintiff’s right, or in withholding the possession from the plaintiff, under a claim of title inconsistent with his own.”
[[Image here]]
Greer v. Carl Johnson Motor Co., 269 Ala. 617, 114 So.2d 907, 910 (1959), quoting from Geneva Gin & Storage Co. v. Rawls, 240 Ala. 320, 199 So. 734, 735 (1940).
In Raley v. Citibank of Alabama/Andalusia, 474 So.2d 640, 641 (Ala.1985), the Court stated that to constitute a conversion “there must be a wrongful taking, or a wrongful detention, or an illegal assumption of ownership, or an illegal user or misuser.”
The record and evidence establish without dispute that the Bajalias’ vehicle was stolen by third parties from the parking lot of Jim Magill Chevrolet. Alabama & Tennessee Rivers R.R. Co. v. Kidd, 35 Ala. 209 (1859), has the following to say regarding the theft of personal property in the hands of a bailee:
“Trover will not lie for a bare non-delivery of goods by a warehouse-man, unless they are in his possession, and he refuses to deliver them on demand. In like manner, trover will not lie for goods lost or stolen by the negligence of a warehouse-man. But, where he is an actor, and delivers them to a third person, though by mistake, the action lies.”
Id. at 220.
There is nothing in the record to suggest that Jim Magill Chevrolet participated in the theft of the Bajalias’ car. As noted above, even if the car was stolen due to appellee’s negligence, an action for conversion would not lie. Jim Magill Chevrolet cannot be found liable in conversion for the acts of third-party thieves.
Appellants also seek relief on grounds of fraud and misrepresentation.
In their complaint, plaintiffs acknowledge that in October of 1983 they were informed that their automobile had been stolen by teenagers and had been recovered in Tennessee. Plaintiffs further alleged that in October of 1983, Jim Magill Chevrolet told them that their car was be *491 ing “buffed out” and was “not quite done.” The plaintiffs were admittedly aware of any claims for fraud or misrepresentation that they might have against Jim Magill Chevrolet in October of 1983; however, they did not file suit until September 19, 1985.
In October of 1983, § 6-2-39, Code of Alabama 1975, was applicable to a case like this. That section provided that the statute of limitations for actions for fraud and misrepresentation was one year from the date of the discovery of the fraud or misrepresentation, or one year from when the fraud or misrepresentation should have been known (see § 6-2-3). Under this statute, the fraud claim was barred at the latest on October 31, 1984. Consequently, all of appellants’ claims for fraud and misrepresentation were extinguished as of that date.
The present two-year statute of limitations, Code 1975, § 6-2-38 (Cum. Supp.1985), for fraud and misrepresentation cases, does not operate to save appellants’ claims. In Tyson v. Johns-Manville Sales Corp., 399 So.2d 263 (Ala.1981), this Court held that the power of the legislature to alter and amend limitations exists, but that it cannot be used to revive a cause of action already barred. Appellants’ cause of action was completely barred as to the fraud and misrepresentation claims on October 31, 1984, before the new two-year amendment became effective in January of 1985.
We decide this case on the basis of the statute of limitations. We have not addressed whether appellant ever had a cause of action for fraud or misrepresentation, due to our difficulty in ascertaining which dates and sequence of events appellant would have us consider.
Because as a matter of law the facts fail to establish a claim for conversion and because the fraud claim is barred by the applicable statute of limitations, the trial court correctly granted summary judgment in favor of the defendant. Its judgment is accordingly affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.