James "Spider" Martin, a Birmingham professional photographer, appeals from a summary judgment entered in favor of Luckie Forney, Inc., a Birmingham advertising agency, on his claims of loss of use and conversion. Martin alleged that Luckie Forney either lost or converted more than 100 photographic slides taken by Martin of the Alabama Symphony Orchestra ("ASO") between late 1984 and October of 1986.
By oral agreement with the ASO, Martin donated his photographic services to the symphony; he was reimbursed for expenses involved in photographing the ASO (cost of film, developing cost, etc.), but he retained the right to copy, publish, and sell the photographs to others besides the ASO. Luckie Forney donated its advertising services to the ASO, as do other advertising agencies, for the 1986-1987 concert season. It was in this capacity that Luckie Forney received Martin's photographs from the ASO; they were to be used in the production of the symphony's annual fund raising brochure. Deposition testimony indicates, however, that Luckie Forney received approximately one-half of the total number of photographic slides obtained from Martin by an ASO employee, and that the remaining one-half were retained at the ASO office.
After Martin's demand for return of the slides, Luckie 
Forney replied by stating that it had returned all of the slides that it had to the ASO office, and, upon investigation, *Page 19 
had found nine of the slides in possession of other entities. Further, the marketing director of the ASO testified that it was not unusual for the symphony to distribute available slides to groups who requested them. Luckie Forney's vice-president for operations submitted an affidavit that stated that Luckie Forney had returned all of Martin's slides to the ASO on November 25, 1986; Martin submitted an affidavit from the ASO's office manager, however, that stated that no entry was made on the symphony's parcel delivery form on November 25 to indicate a delivery from Luckie Forney. Such an entry would have indicated that the slides were returned to the ASO.
The issue for our review is whether the trial court erred in rendering summary judgment for Luckie Forney on Martin's complaint for loss of use and conversion. The complaint was filed September 23, 1987; therefore, pursuant to Ala. Code 1975, § 12-21-12, proof by substantial evidence is required to submit an issue to the trier of the facts. "Substantial evidence shall mean evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the fact sought to be proven. A scintilla of evidence is insufficient to permit submission of an issue of fact to the trier of facts." Section 12-21-12(d). Consequently, in testing the sufficiency of the evidence to determine whether it will support the submission of an issue of fact to the jury, proof by substantial evidence is required.
Conversion consists of (1) an act or omission by the defendant (2) with the intent to assert control over property (3) that belongs to the plaintiff (4) resulting in substantial interference to the plaintiff's possessory rights. In other words, a conversion is said to consist " 'either in the appropriation of the thing to the party's own use and beneficial enjoyment, or its destruction, or in exercising of dominion over it, in exclusion or defiance of the plaintiff's right, or in withholding the possession from the plaintiff, under a claim of title inconsistent with his own.' " Clardy v.Capital City Asphalt Co., 477 So.2d 350 (Ala. 1985), citingGeneva Gin Storage Co. v. Rawls, 240 Ala. 320, 322,199 So. 734 (1940) (quoting Conner Johnson v. Allen Reynolds,33 Ala. 515, 517 (1859)). But "[t]he bare possession of property without some wrongful act in the acquisition of possession, or its detention, and without illegal assumption of ownership or illegal user or misuser, is not conversion." Clardy,477 So.2d at 352, citing Bolling v. Kirby, 90 Ala. 215, 7 So. 914, 24 Am.St.Rep. 789 (1890).
Although a bailment existed between Martin and the ASO (the slides were delivered to the ASO on an implied contract for the specific purpose of using them to promote the symphony), the bailor (Martin) may maintain an action against a third person (Luckie Forney) who converts, injures, or loses the subject matter of the bailment. 8 Am.Jur.2d Bailments § 262, at 993 (1980). (See, also, Ala. Code 1975, § 6-5-263, which recognizes the right of the bailor to sue a third party who interferes with the property.) Martin fails, however, to present any substantial evidence that Luckie Forney acted wrongfully either in the acquisition or in the detention of the slides or acted intentionally to substantially interfere with Martin's possessory rights. The ASO delivered the slides to Luckie 
Forney for use in preparing promotional materials for the symphony; affidavits indicate that Luckie Forney did not receive all of the slides Martin alleged that he had turned over to the ASO, and that Luckie Forney returned to the ASO those it did receive. Only a scintilla of evidence of conversion was raised by the affidavit from the ASO's office manager, which stated that no entry was made on the symphony's parcel delivery form on November 25 to indicate a delivery from Luckie Forney. Consequently, sufficient evidence did not exist to submit the conversion claim to the jury, and the trial court did not err in entering summary judgment against that claim.
But whereas there is no substantial evidence of conversion, there is substantial *Page 20 
evidence that either Luckie Forney or the ASO lost the slides. In other words, the same evidence that is insufficient to support a claim based on conversion is sufficient to support a claim for damages for the loss of the slides. Although Martin cannot provide an exact count of the slides he delivered to the ASO, it is undisputed that the slides are missing and that Martin's reversionary interest has been damaged:
 "In the absence of a statute to the contrary, one who deals with a bailee concerning the bailed property does so at his peril. The bailor, as the general owner of the property, may assert his title as against third parties. The bailor may sue in an appropriate form of action for any injury by a third person to the subject matter of the bailment which results in damage to the bailor's reversionary interest.
 "A third person interfering with bailed property is, however, liable to the bailor only when his interference results in damage to the bailor. . . ."
8 C.J.S. Bailment § 93, at 334 (1988).
 "As in other civil actions, the measure of a bailor's damages against a third person for loss or injury to the bailed property is the amount of all damage sustained by him with respect to his ownership of, or interest in, the property."
8 C.J.S. Bailment § 124, at 390 (1988). (Emphasis added.)
Although the affidavit of Luckie Forney's vice-president for operations states that the slides were delivered to the ASO on November 25, 1986, it does not allege any details regarding the actual delivery: neither the employee who bore responsibility for the slides nor the employee who delivered the slides is identified in the affidavit; further, the fact that the affidavit alleges that approximately nine of the slides had been traced through the ASO office to other entities is insufficient to prove (beyond an inference) delivery of the more than 100 slides alleged to be missing.[1] In light of the deficiencies of Luckie Forney's affidavit, we believe that the affidavit of the ASO's office manager, which alleges that no deliveries were received from Luckie Forney on November 25, 1986, is "evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions" as to whether Luckie Forney lost the slides. Consequently, sufficient evidence existed to submit the loss claim to the jury, and the trial court erred in entering summary judgment on this count.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.
[1] The number of slides lost does not bear on the issue of whether the claim should have been submitted to the jury. It is undisputed by both parties that a significant number of slides are lost — the number is important only for determining the loss sustained by Martin and in assigning a value to that loss. We note also that the ASO remains a party defendant to this lawsuit.