# Ramey v. W. O. Peeples Grocery Co.

*Trial of Right of Property.*

1. *Trial of right of property; evidence under issue setting up title of defendants.*—In the trial of right of property seized under execution against two debtors, where the issue tendered is that the property

[Ramey v. W. O. Peeples Grocery Co.]

was the property of the *defendants*, it is permissible to show that it belonged to one of the defendants, and not to both. The real issue was whether the property was subject to the execution.

2. *Trial by court without intervention of jury.*—In considering judgments rendered by the court upon the facts, without the intervention of a jury, the findings of the court will not be disturbed in any case, where the findings of a jury to the same effect, would be allowed to stand. And in such case. the admission of illegal or irrelevant evidence will not work a reversal, if the judgment is sustained by the legal evidence.

3. *Irregularity of judgment.*—The irregularity of a judgment on the trial of right of property, in giving a judgment in the first instance, against the claimant for the assessed value of the property, will not authorize a reversal, but will be corrected here.

APPEAL from Gadsden City Court.

Tried before Hon. JOHN H. DISQUE.

On November 14th, 1892, the appellee recovered a judgment against T. J. Ramey and J. B. Ramey, upon which execution was issued on the 25th of the same month, and on that day was levied upon 300 bushels of corn, as the property of the defendant T. J. Ramey. The claimant, A. E. Ramey, then executed the statutory bond and affidavit, and a trial of the right of property was had on the issue that the property was the "property of the *defendants*, and subject to the execution."

The plaintiff in execution first offered in evidence, its execution, with levy endorsed as above indicated, to the introduction of which, the claimant objected, on the ground that it was irrelevant, under the issue. The objection was overruled. The plaintiff then put in evidence its judgment, and showed that the corn levied upon, was raised on the farm of the defendant T. J. Ramey, and was at the time of the levy, in his possession on said farm, and was worth forty cents per bushel.

The claimant then introduced the defendant T. J. Ramey, as a witness, who testified that the claimant was the wife of his co-defendant, J. B. Ramey, and that J. B. Ramey was his brother. That on November 3rd, 1892, he swapped claimant the corn in controversy, all there was in the crib, estimated at 330 bushels, some cotton seed and fodder, all estimated to be worth $250 for a lot in Attalla. The deed to him for the lot was not witnessed, and was acknowledged on the 25th of November, 1892, and that the lot was worth $250. He further testified that at the time of the trade, he owed more than

he could pay, and judgments were outstanding against him, and at that time the claimant knew that he was in debt, but did not know the extent of his indebtedness. At said time he owned real estate worth from $7,000 to $10,000, partly covered by a mortgage for $2,000. This land he sold to claimant for a debt of $2,000 he owed her husband for clerking several years for witness, the claimant assuming the mortgage thereon. The witness stated that it was "a lumping trade, guessing at the amount" he owed the husband. The corn in controversy was left in witness' crib, and he used it as he saw fit, and kept account of what he used, and settled with claimant for it. Claimant never exercised ownership over the corn after she bought it. At the time of the levy, witness showed the deed for the Attalla lot to the sheriff, and requested him to levy upon it. The claimant also introduced a deed to her for the Attalla lot, executed by one Wimpee, reciting a consideration of $250, and also her deed so T. J. Ramey on consideration of $300. She and her husband also testified, corroborating the testimony of T. J. Ramey, and also to the effect that she bought the lot from Wimpee with money she made by taking boarders.

For the plaintiff, a Mr. Johnson testified that the Attalla lot was worth about $100 in 1892.

The case was tried by the court without the intervention of a jury, and the issue found in favor of the plaintiff, and judgment was rendered against the claimant 'for the said three hundred bushels of corn, or one hundred and twenty dollars, its assessed alternate value."

The claimant appealed, as igning as error, the ruling on the admission of evidence, and the judgment for the plaintiff.

DENSON & BURNETT, for appellant.—The issue being that the property was that of the *defendants,* there was error in allowing proof that it belonged to only one of them.—28 Ala. 655; 99 Ala. 158; 97 Ala. 82; 9 Ala. 447; 10 Am. & Eng. Encyc. of Law, 557-8. Under the evidence, the sale of the corn to claimant was not fraudulent.—93 Ala. 532; 95 Ala. 205; *Kelly v. Smith,* 14 So. Rep. 764. The form of the judgment is erroneous.— *Langworthy v. Goodall,* 76 Ala. 325; *Townsend v. Brooks, Ib.* 311.

[Ramey v. W. O. Peeples Grocery Co.]

GOODHUE & SIBERT, *contra.*—The return on the execution was properly admitted.—*Lehman v. Warren*, 5 3 Ala. 539. The irregularity in the judgment is not cause for reversal.—*Gray v. Raiborn*, 53 Ala. 40. The facts justify the finding of the court that the transfer of the corn was fraudulent.

COLEMAN J.—The appellee recovered a judgment against T. J, Ramey and J. B. Ramey, on their promissory note bearing date June 17th, 1892. Execution issued upon the judgment, which was placed in the hands of the sheriff on the 25th day of November, 1892, and by him levied upon three hundred bushels of corn. The appellant, A. E. Ramey, wife of J. B. Ramey, interposed a claim to the property, gave bond for the trial of the right of property, and upon issue, the court, without the intervention of a jury, found the issue for the plaintiff in execution. The appeal is prosecuted from the judgment of the court, and from certain exceptions reserved to the ruling of the court. There is nothing in the objection, that the issue tendered was that the property was the property of the *defendants*, and that under this issue, it was not permissible to show that the property belonged to one of the defendants and not to both. The real question to be tried, was whether the property was subject to the execution, and it was equally so, whether it belonged to both of the defendants or to one of the defendants.

The only other question for review, is the conclusion of the court upon the facts in evidence. In the case of *Woodrow v. Hawving*, 105 Ala. 250, in considering judgments rendered by the court upon facts without the intervention of a jury, we declared that we would not disturb the findings of the court, in any case, where the verdict of a jury to the same effect, would be allowed to stand. It was further held that when the case is tried without the intervention of a jury, the admission of illegal or irrelevant evidence would not work a reversal, if the judgment was justified and sustained by the legal evidence.

It can not be doubted that there was legal evidence before the court, which fully sustains its conclusion, and we are satisfied a verdict of a jury, finding the issue for the plaintiff on the evidence, would not be set aside.

The irregularity of the judgment by the trial court,

does not authorize a reversal, This was expressly ruled in the case of *Gray v. Raiborn*, 53 Ala. 40, and the decision has been followed many times since its rendition. A judgment in proper form will be here rendered.

Affirmed.