265 So.2d 150

**SCOTT PAPER COMPANY, Inc., a Corp.,**

**v.**

**NOVAY CHERRY BARGE SERVICE, INC.,**
a Corporation.

I Div. 70.

Court of Civil Appeals of Alabama.

July 19, 1972.

Marr & Friedlander and Ralph Loveless, Mobile, for appellee.

Hardy B. Smith, Mobile, for appellant.

HOLMES, Justice.

This proceeding was commenced when appellee, Novay Cherry Barge Service, Inc., a corporation, filed an action in the Circuit Court of Mobile County against Scott Paper Company, Inc., a corporation, claiming $2,000 damages for the conversion of one Model D7 Caterpillar tractor. The complaint follows Tit. 7, § 223, Form 26, Code of Alabama of 1940 (Recompiled 1958). A plea of the general issue was interposed; trial held before the trial court without a jury and judgment entered for the appellee in the amount of $1,500.

Appellant appeals from this judgment and makes three assignments of error.

Assignment of Error One is based on the trial court's alleged error in entering a judgment in the amount of $1,500 in favor of plaintiff, appellee here, and against the defendant, appellant.

It is necessary to this case to set out the testimony in extension. The record reveals that appellant came into possession of the bulldozer in question by lawful means. The bulldozer was placed on appellant's property by one Paul Novay, a principal at that time of appellee corporation. The appellant dealt with Paul Novay in all business transactions at this time. Thereafter, difficulties arose between Paul Novay and Carl Cherry, another principal in appellee corporation.

In August 1968, Curtis B. Cherry, the father of Carl Cherry, obtained a lease to the real property of Novay Cherry Barge Service and began operating the business as sublessor. Also, in August of 1968, Curtis B. Cherry received a power of attorney to marshal the assets of Novay Cherry Barge Service.

In 1969, Curtis B. Cherry attempted to obtain the bulldozer from appellant by making request to appellant's gate guard. Curtis Cherry testified that he was told to contact Mr. Martin and, having done so by telephone, saying he had been appointed power of attorney to represent Cherry Barge Service and wanted to obtain the bulldozer, he was told by Mr. Martin that Paul Novay had left instructions not to release the bulldozer without his (Novay's) authorization and he, Curtis B. Cherry, should get Paul Novay to give appellant authority to release. Curtis B. Cherry made a second request for the bulldozer by telephone at a later date and testified that Mr. Martin told him that Novay had said the Novay Cherry Barge Service did not own the bulldozer and, therefore, Curtis Cherry would again have to get Novay's authorization. Curtis Cherry testified that he then went to see Mr. Friedlander, an attorney, about getting the bulldozer. It is undisputed that the power of attorney of Curtis Cherry was not shown appellant prior to filing of the suit.

Mr. Martin testified that Curtis Cherry did not mention Novay Cherry Barge Service, nor did he identify himself as agent of Novay Cherry, but that Curtis Cherry said the bulldozer belonged to him.

Testimony of Paul Novay reveals that his stock was put in the name of Carl Cherry on December 27, 1967, and that on February 28, 1968, a settlement agreement was reached with Carl Cherry, the effect of which removed Paul Novay from being a part of the Novay Cherry corporation. Other testimony of Novay reveals that he told Mr. Martin of the difficulties between himself and Carl Cherry and asked Martin to hold the bulldozer. Novay testified that he received a request through his attorney from appellant in September or October of 1969 and told appellant he would not authorize a release; further, that he received request through his attorney from appellee's attorney for a release and he refused again until settlement agreement was squared.

The attorney for appellant testified that over a period of less than two months he had had many conversations with the attorney for appellee concerning the release of the bulldozer; that appellee's attorney stated he represented appellee and had informed him that Mr. Novay's interest had

been purchased and that Curtis B. Cherry owned the corporation. Appellant's attorney testified that he received only a 1967 bill of sale to Novay Cherry Barge Service for the bulldozer (and a lot of papers from appellee's attorney), but that he requested further evidence, including evidence that a settlement agreement had been made with Mr. Novay, and evidence that Curtis B. Cherry owned the corporation. However, this information was not furnished. The attorney for appellant further testified that he contacted the attorney for Novay to determine if Novay owned the bulldozer; whether he claimed it or what Novay's position was, but that Novay's attorney avoided direct answers to these questions but stated that the settlement agreement had been breached; that his client had a claim but would not say whether he claimed title or part title in the bulldozer and that his client was unwilling to authorize a release. After the demand letter of October 6, 1969, from appellee and even after the filing of the suit in November of 1969, appellant's attorney was in contact with appellee's attorney and suggested that this cause may be proper for interpleader.

Appellant contends that there was no unequivocal refusal to surrender the bulldozer, but only request of evidence of authority to act for the corporation of those stating to represent the corporation. The Supreme Court of Alabama has defined a conversion as:

> ". . . consisting in ' "* * * either * * * the appropriation of the thing to the party's own use and beneficial enjoyment, or in its destruction, or in exercising of dominion over it, in exclusion or defiance of the plaintiff's right, or in withholding the possession from the plaintiff, under a claim of title inconsistent with his own." * * *' Geneva Gin & Storage Co. v. Rawls, 240 Ala. 320, 199 So. 734; Greer v. Carl Johnson Motor Co., 269 Ala. 617, 114 So.2d 907. . . ." Jones v. Americar, Inc., 283 Ala. 638, 647, 219 So.2d 893, 900.

Conversions may be divided into four classes, (1) by a wrongful taking, (2) by an illegal assumption, (3) by an illegal user or misuser, (4) by a wrong detention. In the first three classes, there is no necessity for a demand and refusal. In the latter class, a demand and refusal is required as the detention of a chattel furnishes no evidence of a disposition to convert to the holder's own use, or to divest the true owner of his property. Jesse French Piano & Organ Co. v. Johnston, 142 Ala. 419, 37 So. 924.

There is no doubt that an absolute or unqualified refusal to surrender possession of personal property to one entitled thereto constitutes a conversion. A limited or qualified refusal to surrender the property is not per se a conversion. Bolling v. Kirby, 90 Ala. 215, 7 So. 914. But the refusal must be a reasonable qualification or requirement and stated in good faith.

Circumstances causing a reasonable apprehension of the consequences of a surrender of goods may be sufficient to prevent a detention, a failure to deliver, or a refusal to surrender possession from constituting a conversion. 53 Am.Jur., Trover and Conversion, § 46; Bolling v. Kirby, supra; Dent v. Chiles, 5 Stew. & P. (Ala.) 383. The decisions support the rule that where chattels are withheld from the true owner or his agent for a reasonable time after demand, for the purpose of enabling the holder to determine who has the right to possession, the detention is reasonable and does not constitute a conversion.

Here, there was a demand by an attorney who stated verbally and by letter that he represented the owner corporation. A dispute lay between former principals in the corporations. Appellant is contending that this raised a bona fide question as to who owned the corporation and would be allowed to act for the corporation.

Whether or not the refusal to surrender possession of personal property

is based upon a reasonable qualification or requirement is a question for the jury or, as in this case, the trier of the facts. Dent v. Chiles, supra; Conner & Johnson v. Allen & Reynolds, 33 Ala. 515. The law is well established that the decision of the trial court on facts in a nonjury case has the effect of a verdict of the jury. Flintkote Co. v. Grimes, 281 Ala. 707, 208 So.2d 87. Every presumption is to be indulged in favor of findings of the trial judge where testimony is *ore tenus* and his findings will not be disturbed unless palpably wrong. Ala.Digest, Appeal & Error, ⏞931(1).

■■■■ While a different result could well have been reached in this case, we cannot say the trial court was palpably wrong as a matter of law in its determination that the qualified refusal to surrender possession of the chattel was unreasonable, nor can a reviewing court substitute its own judgment for that of the trier of facts. McPherson v. Everett, 277 Ala. 519, 172 So.2d 784.

Assignment of Error Two contends that the trial court committed reversible error in admitting into evidence, over objection, a document purporting to be a general power of attorney from appellee corporation to Curtis B. Cherry.

■■■■ We cannot hold that the trial court committed reversible error in admitting the complained of document. The basis for the objection is that there was no proper predicate that the document was properly executed by the corporation or no showing that the person executing the document had authority to so execute. As stated by attorney for appellee (R. 22) the purpose in offering the document was to show Curtis B. Cherry's authority to act for the corporation. The record reveals that the trial court could have reached the conclusion that Curtis B. Cherry had such authority without the introduction of this evidence, to wit, Curtis B. Cherry's direct testimony (R. 21). When a case is tried by the court without a jury, the judgment will not be reversed on the ground of the

admission of immaterial or incompetent evidence if sufficient proper evidence was admitted to sustain the finding. Holmes v. State, 108 Ala. 24, 18 So. 529; Ramey v. W. O. Peeples Grocery Co., 108 Ala. 476, 18 So. 805; Berlin Mach. Works v. Ala. City Furniture Co., 112 Ala. 488, 20 So. 418.

Appellant's final assignment of error is that the trial court erred in denying appellant's motion for a new trial. Appellant adopts as his argument his contentions contained in the other assignments of error. These matters having been previously disposed of, no further discussion, is necessary.

We find no basis for disturbing the trial court's judgment based on the conclusions reached.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.