HOLMES, Judge.[1]
The plaintiff and defendant practiced law together. After a period of approximately eighteen months they severed their association. The plaintiff sued the defendant, claiming that under their working agreement the defendant owed plaintiff certain fees which had been collected from clients.
After an ore tenus hearing the trial court entered a judgment in favor of the plaintiff in the amount of $2,554.90. The defendant appeals and this court affirms.
This court does not deem it necessary or prudent to set out in detail the evidence as contained in the record. Suffice it to say that reviewing the record with the attendant presumption, the following is revealed.
The plaintiff was engaged in the practice of law. The defendant after discussion with the plaintiff entered the private practice of law with the plaintiff. The plaintiff was to pay the office overhead. The defendant was to receive as remuneration 50% of the fees generated by those cases he brought into the practice of law and 50% of the fees generated from cases assigned by plaintiff to defendant. This agreement was oral. As indicated above, after approximately one and one-half years, the parties terminated their association. Certain cases that defendant was working on were retained by defendant when the association was terminated. The fees on these cases had not been paid or, at least, not paid in full at the time the parties terminated their agreement. They were paid to defendant thereafter. It is these fees that are in dispute. The trial court determined that defendant owed plaintiff a portion of these fees.
As we perceive defendant’s argument as contained in brief, it is his contention that the parties settled their fee arrangement each month and therefore no portion of the fees was due plaintiff after the termination of the parties’ arrangement. Defendant does not favor this court with any citation or authority to support his contentions.
A judgment or decree entered by the trial court after a hearing ore tenus is presumed correct and will be reversed on appeal only, if, after consideration of all the evidence and all reasonable inferences to be drawn therefrom, an appellate court concludes that it was plainly and palpably wrong. 2A Ala. Digest Appeal & Error «=1009(1). Here, in this instance, we cannot say the agreement as effectuated by the trial court and the resulting judgment was plainly and palpably wrong. The testimony of the plaintiff supports the trial court’s interpretation of the parties’ agreement.
For this court to place a different interpretation on the agreement would be to substitute our judgment for that of the trial court. This the law in this instance does not permit. See Sutton v. Sutton, 55 Ala.App. 254, 314 So.2d 707 (1975); Scott Paper Co. v. Novay Cherry Barge Service, Inc., 48 Ala.App. 368, 265 So.2d 150 (1972).
*215 This case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.

. Judge Holmes, although not sitting at oral argument, listened to the tapes of oral argument.