EDWARD N. SCRUGGS, Retired Circuit Judge.
This is an appeal by Richard Boackle from a grant of summary judgment in favor of Jefferson Memorial Company (Memorial).
On September 29, 1970, Boackle entered into a four-year employment contract with Jefferson Memory Company (Memory) in a sales management position. Upon termination of his employment prior to the expiration of the contract, Boackle brought suit on October 16, 1973, against Memory and Memorial, the transferee of Memory’s assets, for breach of contract. On June 4, 1974, Memorial was voluntarily dismissed from the action and Boackle obtained a default judgment for $10,000 against Memory. Unable to recover his judgment against Memory, Boackle filed a complaint against Memorial on August 1, 1978, to enforce his default judgment by a civil action against Memorial as transferee of the assets of his original judgment debtor. The issue on appeal is whether the trial court erred in awarding summary judgment in favor of Memorial.
We find no error and affirm.
Since the basis of Memorial’s alleged liability to Boackle is its status as transferee of Memory’s assets, it is important to note the circumstances which resulted in such transfer.
In 1968 a suit styled Skinner v. White was instituted in the United States District Court, Northern District of Alabama. This litigation involved mismanagement of the business affairs of Memory and its parent corporation, Jefferson National Equities Corporation, and extended over a number of years. The original decree was entered on October 21,1971, but contempt proceedings for a subsequent fraud on the court resulted in a decree, after considering all of the evidence, issued on August 17, 1973, which in pertinent part ordered the transfer of assets and certain liabilities of Memory to a new nonprofit corporation (Memorial), which was created at the direction of the court as the agent of the court. Those decrees indicate that Memory was experiencing much financial difficulty due to mismanagement, that the transfer to Memorial was necessary to ensure responsible handling of the financial affairs of two large cemeteries in the Jefferson County area and the perpetual care and maintenance trust fund relating thereto. This transfer was ordered subsequent to the termination of Boackle’s employment contract with Memory. The articles of incorporation of Memorial provide that the purpose of the new corporation is to carry out the provisions of the federal district court decree. The duties and obligations of Memorial are defined in the decree and the record clearly reflects that it was not the intention of the federal court that Memorial assume any and all liabilities of its predecessor. Boack-le never had an employment contract with Memorial.
In the instant action, Boackle is attempting to recover from Memorial the amount of the default judgment he was awarded against Memory. His amended complaint asserts four theories of recovery: (1) Memorial is successor to the assets and liabilities of Memory; (2) Memorial is trustee of the assets and liabilities of Memory; (3) Memorial used assets of Memory to pay certain indebtedness of Memory, but has failed and refused to pay the judgment of Boackle; and (4) during Boackle’s employment he made sales of burial plots and Memorial subsequently collected the regular monthly installments and was paid a twenty percent commission for such collections.
Memorial filed a motion for summary judgment addressing each of Boackle’s four theories of recovery and offering certified copies of the prior decrees of the United States District Court, Memorial’s articles of incorporation, the pleadings in the prior case, and an affidavit in support thereof. Since all of the evidence relating to Memorial’s alleged liability to Boackle was a mat *520 ter of public record, Memorial asserted that there was no genuine issue as to any material fact and summary judgment was appropriate.
In support of the theories of recovery set out in his complaint, Boackle asserted that Memorial had paid federal taxes owed by Memory and that H. L. Rayburn had presented a bill to Memory which Memorial allegedly paid. The remainder of Boackle’s response to Memorial’s motion for summary judgment was directed toward a new theory of recovery, fraudulent conveyance. Boackle did not amend or request an amendment of his complaint to plead the elements of fraudulent conveyance or facts supporting such a cause of action. However, “The formal issues framed by the pleadings are not controlling on a motion for summary judgment; the court must consider the issues presented by the other material offered by the parties on the motion to determine whether the Rule 56 request should be granted.. . . ” 10 Wright & Miller, Federal Practice and Procedure: § 2721 at p. 475.
A motion for summary judgment may be granted only when the movant has carried his burden of showing that there is no genuine issue of material fact and that he is entitled, as a matter of law, to a judgment in his favor. Smith v. American Cast Iron Pipe Co., 370 So.2d 283 (Ala.1979). Where all the basic facts are undisputed and the matter is one merely of interpretation or reaching a conclusion of law, the court may grant a motion for summary judgment. Studdard v. South Central Bell Telephone Co., 356 So.2d 139 (Ala.1978).
Boaekle’s response to Memorial’s motion for summary judgment does not establish that a genuine issue of material fact exists between these two parties. Payment by Memorial of the federal taxes assessed against Memory is a matter of record, but such payment, of a payment to Rayburn, is irrelevant to Memorial’s alleged liability to Boackle. The payment on the tax lien, which attached before the transfer of assets to Memorial, was pursuant to court order. The supporting affidavit does not address itself to any of the theories of recovery included in Boackle’s complaint. Indeed, the affidavit, the remainder of Boackle’s response to the motion for summary judgment, and his entire argument on appeal, as well as in the circuit court, exclusively attempt to support a new theory of recovery, fraudulent conveyance. Since he did not present argument in this court as to any of the grounds for recovery which were alleged in his complaint, he waived each of those four theories. Davis v. McBroom, 402 So.2d 1016 (Ala.Civ.App.1981). Thus, in order to succeed on appeal, Boackle’s argument as to fraudulent conveyance must prevail.
In its June 2,1975 judgment in Skinner v. White, the federal trial court summarized the status of Memorial as follows:
Memorial is a non-profit Alabama corporation heretofore created as the agent of the Court and pursuant to an order of this Court, is perpetuated in the status heretofore created as the operator of the cemeteries .... Subject to the audit requirements herein provided, Memorial’s authority, duties and responsibilities since its original appointment, and its exercise of the same are satisfied, confirmed and approved... . Memorial shall continue indefinitely to operate the aforementioned cemeteries under the arrangement which has been established by the Court and shall make semi-annual unaudited reports and annual audited reports of its books, records and corporate transactions.
Memorial was organized as a nonprofit corporation by direction of the court; it acted as the court’s agent; and it received the assets of Memory only by means of the court’s order. Those unimpeachable facts are a matter of record through the judgments and decrees of the federal court. In the present proceedings, we cannot go behind those adjudications, for to do so would constitute a collateral attack upon those judicial determinations. Any agreements between litigants as to the transfer of assets were merged into the judgments, and it is pertinent that those judgments and decrees were rendered “after having con *521 sidered all of the evidence,” or “the evidence” which was heard by the court on five stated dates. In its August 17, 1973 judgment, that court granted to Memorial all of the benefits of all operations of Memory since February 28, 1973 and made Memorial liable for Memory’s obligations incurred after that date, “but not otherwise.”
Boackle never had an employment contract with Memorial and his judgment against Memory was awarded subsequent to the transfer of Memory’s assets to Memorial. The limits of the duties and liabilities of Memorial are set out as a matter of public record in the federal district court decrees mandating its incorporation and agency status.
For these reasons, the decrees and judgments in the Skinner v. White cases preclude Boackle in this case as a matter of law from prevailing as to his present contention of a fraudulent conveyance. If he was defrauded by the transfer of assets to Memorial, his remedy would not be through this court but, if any, would be through the federal court which ordered the transfer and created Memorial. We find no fraudulent conveyance which the circuit court was authorized to consider. The learned circuit judge correctly granted Memorial’s motion for a summary judgment and we affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code (1975) and this opinion is hereby adopted as that of the court.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
WRIGHT, P. J., recuses himself.