[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1121 
The plaintiff Darrell White appeals a summary judgment in favor of the defendant Charles Drivas. We reverse and remand.
On February 25, 2004, White sued Drivas and other defendants, alleging claims of conversion and intentional infliction of emotional distress. White subsequently dismissed his claims against all defendants other than Drivas. Drivas answered White's complaint and counterclaimed, alleging nuisance. White filed a motion for a partial summary judgment, which was supported by various evidentiary submissions. Drivas then filed a countermotion for a summary judgment on both of White's claims, and he supported the countermotion with evidentiary submissions. White subsequently filed a response to Drivas's countermotion for a summary judgment. Following a hearing on the pending motions, the trial court granted Drivas's motion for a summary judgment on August 29, 2005. White appealed the summary judgment to the supreme court, and the supreme court transferred the appeal to this court, pursuant to §12-2-7(6), Ala. Code 1975.
The trial court's August 29, 2005, summary-judgment order did not adjudicate Drivas's counterclaim alleging nuisance. "A ruling that disposes of fewer than all claims or relates to fewer than all parties in an action is generally not final as to any of the parties or any of the claims. See Rule 54(b), Ala. R. Civ. P." Wilson v. Wilson,736 So.2d 633, 634 (Ala.Civ.App. 1999). A nonfinal order will not support an appeal. Williams Power, Inc. v. Johnson,880 So.2d 459, 461 (Ala.Civ.App. 2003). This court remanded the cause to the trial court for the trial court either to certify its August 29, 2005, order as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P., or to adjudicate Drivas's counterclaim alleging nuisance. Drivas subsequently dismissed his counterclaim; therefore, White's appeal is now an appeal from a final judgment.
The record on appeal establishes the following material facts. Drivas leased to Johnny Childs a mobile home located on Drivas's property. Unbeknownst to Drivas at the time, White resided at the mobile home as Childs's guest during parts of 2003. White stored personal property belonging to him at the mobile home. White *Page 1122 
also stored his inoperable 1995 Chevrolet pickup truck at the mobile-home lot. In September 2003, the mobile-home lease agreement between Drivas and Childs was terminated, and Drivas helped Childs move out of the mobile home. At or around the time that Drivas helped Childs move out, Drivas transported personal property, some of which belonged to White and some of which belonged to Childs, from the mobile home to Drivas's farm. Drivas stored the personal property at his farm. A few days after Childs vacated the mobile home, he retrieved some of his personal property from Drivas's farm. At the time, Drivas believed that all of the personal property taken from the mobile home and stored at his farm belonged to Childs. When Childs moved out, Drivas also had White's pickup truck towed by a wrecker from the mobile-home lot to Drivas's farm, where it was stored. At the time, Drivas was unaware that White owned the pickup truck.
Approximately one to two months after Childs moved out of the mobile home, White asked Drivas to return White's pickup truck and White's other personal property that Drivas was storing at his farm. It appears from the record that Drivas was then in possession of the following items of personal property belonging to White: the pickup truck, a kitchen table with two matching chairs, and a couch with a matching love seat. Drivas refused to return White's property, stating that White could not have his property unless he compensated Drivas for the costs Drivas had incurred in towing the pickup truck and storing White's property. According to White's deposition testimony, when White requested that his property be returned, Drivas told White that he would have to pay approximately "twelve hundred dollars, or something to that effect" in wrecker and storage costs in order to take possession of the property. Drivas testified by deposition that he did not tell White that he would have to pay approximately $1,200 for the return of his property. Drivas also testified that the wrecker and storage costs combined were about $400 or $500 at the time White requested the return of his property. White refused to pay Drivas, and Drivas retained White's property.
 "In reviewing the disposition of a motion for summary judgment, `we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact,' Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala. 1988), and whether the movant was `entitled to a judgment as a matter of law.' Wright v. Wright, 654 So.2d 542 (Ala. 1995); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). Evidence is `substantial' if it is of `such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' Wright, 654 So.2d at 543 (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871
(Ala. 1989)). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilma Corp. v. Fleming Foods of Alabama, Inc., 613 So.2d 359 (Ala. 1993); Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala. 1990)."
Hobson v. American Cast Iron Pipe Co.,690 So.2d 341, 344 (Ala. 1997). *Page 1123 
On appeal, White argues that the trial court erred by entering a summary judgment on White's conversion claim.[1]
 "[A] conversion is said to consist `"either in the appropriation of the thing to the party's own use and beneficial enjoyment, or its destruction, or in exercising of dominion over it, in exclusion or defiance of the plaintiffs right, or in withholding the possession from the plaintiff, under a claim of title inconsistent with his own."' Clardy v. Capital City Asphalt Co., 477 So.2d 350
(Ala. 1985), citing Geneva Gin Storage Co. v. Rawls, 240 Ala. 320, 322, 199 So. 734 (1940) (quoting Conner Johnson v. Allen Reynolds, 33 Ala. 515, 517 (1859)). But `[t]he bare possession of property without some wrongful act in the acquisition of possession, or its detention, and without illegal assumption of ownership or illegal user or misuser, is not conversion.' Clardy, 477 So.2d at 352, citing Boiling v. Kirby, 90 Ala. 215, 7 So. 914, 24 Am. St. Rep. 789 (1890)."
Martin v. Luckie Forney, Inc., 549 So.2d 18,19 (Ala. 1989) (emphasis added).
 "`Four different actions may constitute conversion: a wrongful taking, a wrongful detention, an illegal assumption of ownership, or an illegal use or misuse. National Surety Co. v. Applied Systems, Inc., 418 So.2d 847 (Ala. 1982).'
 "Tyler v. Equitable Life Assurance Society of the United States, 512 So.2d 55, 57 (Ala. 1987)."
Jones v. DCH Health Care Auth., 621 So.2d 1322, 1323
(Ala. 1993) (emphasis added). See also SouthTrust Bank v.Donely, 925 So.2d 934, 939-40 (Ala. 2005).
 "Conversions may be divided into four classes, (1) by a wrongful taking, (2) by an illegal assumption, (3) by an illegal user or misuser, (4) by a wrong detention. In the first three classes, there is no necessity for a demand and refusal. In the latter class, a demand and refusal is required as the detention of a chattel furnishes no evidence of a disposition to convert to the holder's own use, or to divest the true owner of his property."
Scott Paper Co. v. Novay Cherry Barge Serv., Inc.,48 Ala.App. 368, 371, 265 So.2d 150, 153 (Civ.App. 1972). Seealso W. Page Keeton et al., Prosser and Keeton onthe Law of Torts § 15, at 99 (5th ed. 1984) ("Where there has been no wrongful taking or disposal of the goods, and the defendant has merely come rightfully into possession and then refused to surrender them, demand and refusal are necessary to the existence of [conversion]." (footnote omitted)).
 "`There is no doubt that an absolute or unqualified refusal to surrender possession of personal property to one entitled thereto constitutes a conversion. A limited or qualified refusal to surrender the property is not per se a conversion. Boiling v. Kirby, 90 Ala. 215, 7 So. 914 [(1890)]. But the refusal must be a reasonable qualification or requirement and stated in good faith.'" *Page 1124 
Gabrielson v. Healthcorp of Eufaula, Inc.,628 So.2d 411, 414 (Ala. 1993) (quoting Scott Paper Co.,48 Ala.App. at 370, 265 So.2d at 153). "Whether or not the refusal to surrender possession of personal property is based upon a reasonable qualification or requirement is a question for the jury or . . . the trier of the facts." Scott PaperCo., 48 Ala.App. at 371-72, 265 So.2d at 153.
White argues that the summary judgment on his conversion claim should not have been granted because, White says, there is a genuine issue of material fact regarding that claim. The trial court's order granting Drivas's motion for a summary judgment stated, in pertinent part: "The undisputed facts overwhelmingly show that the taking of [White's] property, and its detention, by [Drivas] was not wrongful or illegal. The undisputed facts further show that [Drivas] never illegally assumed ownership nor illegally used or misused the property." Although the record on appeal contains no evidence indicating that the initial taking of White's property was wrongful, a genuine issue of material fact exists regarding whether Drivas's requirements for returning White's property were reasonable. White requested that Drivas return White's property. Drivas refused to return White's property unless White paid the costs incurred by Drivas in towing the pickup truck and storing the property. White testified that Drivas qualified the return of White's property upon White's paying Drivas approximately $1,200 for towing the pickup truck to Drivas's farm and storing the pickup truck, a sofa, a love seat, a kitchen table, and two kitchen-table chairs on the farm for one to two months. Drivas disputes that he told White that he would have to pay $1,200 in order to retrieve the property, stating that the wrecker and storage costs were considerably lower than that amount when White tried to retrieve the property.
Although Drivas's "`qualified refusal to surrender the property'" was "`not per se a conversion,'" that "`refusal must be a reasonable qualification or requirement and stated in good faith.'" Gabrielson, 628 So.2d at 414 (quotingScott Paper Co., 48 Ala.App. at 370, 265 So.2d at 153). Whether Drivas's requirement for relinquishing White's property is reasonable given the facts of this case is a question for the trier of fact. Scott Paper Co.,48 Ala. App. at 371-72, 265 So.2d at 153. Viewing the facts in the light most favorable to the nonmovant White, as this court is required to do on an appeal from a summary judgment, Hobson,690 So.2d at 344, we conclude that the question regarding the reasonableness of Drivas's requirement for the return of White's property is a question of fact for the trier of fact to decide.
Because there is a genuine issue of material fact regarding the reasonableness of Drivas's retention of White's property, we reverse the summary judgment in favor of Drivas on White's conversion claim and remand the cause for further proceedings consistent with this opinion.
Drivas's motion seeking damages for a frivolous appeal is denied.
REVERSED AND REMANDED.
CRAWLEY, P.J., and PITTMAN and MURDOCK, JJ., concur.
THOMPSON, J., dissents, without writing.
[1] White does not argue that the trial court erred by entering a summary judgment in Drivas's favor on White's claim alleging intentional infliction of emotional distress. Therefore, White has waived that issue. Tucker v.Cullman-Jefferson Counties Gas Dist., 864 So.2d 317, 319
(Ala. 2003) ("`When an appellant fails to properly argue an issue, that issue is waived and will not be considered.Boshell v. Keith, 418 So.2d 89 (Ala. 1982).' Asam v.Devereaux, 686 So.2d 1222, 1224 (Ala.Civ.App. 1996). `An appeals court will consider only those issues properly delineated as such, and no matter will be considered on appeal unless presented and argued in brief. Ex parteRiley, 464 So.2d 92 (Ala. 1985).' Braxton v.Stewart, 539 So.2d 284, 286 (Ala.Civ.App. 1988)."). *Page 1125