PER CURIAM.
 

 Nellie M. Dunn appeals from a summary judgment entered by the Geneva Circuit Court in favor of Sharon McCall Williams and Anthony G. Williams on her claims arising out of a conveyance of real property. We reverse the trial court’s judgment as to Dunn’s claim seeking a declaration that her conveyance was voidable pursuant to Ala.Code 1975, § 8-9-12, and as to Dunn’s claim of conversion. We affirm as to all other claims.
 

 
 *809
 

 Background
 

 On August 28, 2007, Dunn sued Sharon and Anthony (Dunn’s daughter and son-in-law) and various fictitiously named defendants. In her complaint, Dunn alleged that she had owned a tract of real property comprising approximately 120 acres of land and containing a dwelling (hereinafter referred to as “the property”) since 1962. Dunn alleged that on May 16, 2007, while she was gravely ill, she had conveyed the property to Sharon and Anthony by warranty deed. According to Dunn’s complaint, after she had recovered from her illness, Sharon and Anthony informed Dunn she would no longer be allowed to live on the property. Dunn alleged that Sharon and Anthony had thereafter driven her to a local police station, where Dunn was dropped off with only a few of her personal items.
 

 In her complaint, Dunn asserted that the conveyance should be invalidated because it had been obtained through undue influence and coercion (count one) and because it had not been supported by material consideration (count two). Dunn also sought to quiet title to the property in herself (count three). Dunn also asserted that Sharon and Anthony had converted items of her personal property to their own use (count four) and had conspired to wrongfully take possession of the property (count five). Finally, Dunn sought a temporary restraining order to enjoin Sharon and Anthony from selling, destroying, or otherwise disposing of any real and personal property made the basis of the action. As an exhibit to her complaint, Dunn attached a copy of the deed she had executed; that deed recited that the convey-anee had been supported by a payment of “$10.00 and other valuable consideration.” Dunn also filed a notice of lis pendens against the property based on the allegations stated in her complaint.
 

 In October 2007, Sharon and Anthony answered the complaint, denying all wrongdoing and averring that, on an unidentified date, they had offered Dunn the opportunity to retrieve her personal property by sending movers to the property but that Dunn had failed to act on their offer.
 
 [1]
 
 In June 2008, Sharon and Anthony moved for a summary judgment. In support of their summary-judgment motion, they submitted an affidavit from Henry F. Lee III, the attorney who had overseen the closing of a loan transaction involving Sharon, Anthony, Dunn, and the Samson Banking Company; an affidavit from Stephanie W. Chesteen, the notary public who had witnessed Dunn’s signature on the pertinent deed; affidavits from Sharon and Anthony; and transcribed excerpts from Dunn’s deposition. On August 13, 2008, Dunn filed a response in opposition to the summary-judgment motion in which she contended that Ala.Code 1975, § 8-9-12, amounted to authority for deeming the conveyance invalid. In support of her response to the summary-judgment motion, Dunn submitted, among other things, copies of opinions interpreting and applying § 8-9-12 and excerpts from Anthony’s and Sharon’s deposition transcripts that indicated that, in consideration for Dunn’s conveyance of the property to Anthony and Sharon, they had promised Dunn that she could live on the property for as long as she wished and that Dunn would have “no bills” as long as she lived there.
 
 [2]
 

 
 *810
 
 After hearing arguments from counsel, the trial court granted the summary-judgment motion filed by Sharon and Anthony as to the claims asserted in Dunn’s complaint. In addition, the trial court specifically stated:
 

 “The court further finds that [Dunn] has no cause of action under § 8-9-12 ... based upon the evidence set forth in her ‘Notice in Opposition to Motion for Summary Judgment.’ In making this decision, the court relies on the case of
 
 Tolver v. Tolver,
 
 585 So.2d 1 (Ala.1991).”
 

 Sharon and Anthony filed a motion to alter or amend the judgment to seek a declaration that the lis pendens that had been filed against the property simultaneously with the complaint had been satisfied. The trial court granted that motion. Dunn timely appealed; the Alabama Supreme Court transferred the appeal to this court pursuant to Ala.Code 1975, § 12-2-7.
 

 Standard of Review
 

 “ ‘
 
 “We review the trial court’s grant or denial of a summary judgment motion
 
 de novo.” Smith v. State Farm Mut. Auto. Ins. Co.,
 
 952 So.2d 342, 346 (Ala.2006) (citing
 
 Bookman v. WCH, L.L.C.,
 
 943 So.2d 789 (Ala.2006)). A summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. If the movant meets this initial burden, the burden then shifts to the nonmovant to present “substantial evidence” of a genuine issue of material fact.
 
 Ex parte Alfa Mut. Gen. Ins. Co.,
 
 742 So.2d 182, 184 (Ala.1999). Substantial evidence is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.”
 
 West v. Founders Life Assurance Co. of Florida,
 
 547 So.2d 870, 871 (Ala.1989); see also § 12-21-12(d), Ala.Code 1975. In determining whether a genuine issue of material fact exists, this Court views the evidence in the light most favorable to the nonmov-ant and resolves all reasonable doubts in favor of the nonmovant.
 
 Jones v. BP Oil Co.,
 
 632 So.2d 435, 436 (Ala.1993).” ’ ”
 

 Harris v. Health Care Auth.,
 
 6 So.3d 468, 472 (Ala.2008) (quoting
 
 McCutchen Co. v. Media Gen., Inc.,
 
 988 So.2d 998, 1001 (Ala.2008)).
 

 Analysis
 

 On appeal, Dunn has not specifically challenged the judgment entered in favor of Sharon and Anthony on her conspiracy claim, her request to quiet title, or her request for a temporary restraining order. We, therefore, need not consider any error as to those claims.
 
 See Boshell v. Keith,
 
 418 So.2d 89, 92 (Ala.1982) (“When an appellant fails to argue an issue in its brief, that issue is waived.”); see also
 
 Lyons v. Vaughan Reg’l Med. Ctr., LLC,
 
 23 So.3d 23 (Ala.2009) (accord). Dunn has, however, specifically challenged the trial court’s judgment as it relates to her claim seeking to void her conveyance and her claim of conversion. We, therefore, confine our analysis to the correctness of the judgment as to those claims.
 

 As a preliminary matter, we first address Sharon and Anthony’s assertion that, because § 8-9-12 was not specifically pleaded in her complaint, Dunn may not now rely on that statute in challenging the trial court’s summary judgment. We dis
 
 *811
 
 agree. “Under Rule 8, Ala. R. Civ. P., a complaint is sufficient if it puts the defendant on notice of the claims asserted against him or her.”
 
 Martin v. Martin,
 
 998 So.2d 1081, 1084 (Ala.Civ.App.2008). Although Dunn did not cite or expressly plead the applicability of § 8-9-12 in her complaint, or specifically allege that Sharon and Anthony had promised to allow her to live on the property after the conveyance, she alleged that the deed was void because she had “received no material consideration from Defendants for the conveyance of said property.” In her response in opposition to the summary-judgment motion, Dunn argued that a promise to allow her to live on the property and to support her was a material part of the consideration for the conveyance but that the alleged promise had not been honored. Moreover, as our supreme court noted in
 
 Ex parte Alexander,
 
 806 So.2d 1222, 1225 (Ala.2001), the enactment of § 8-9-12 “has superseded other theories for voiding ... a conveyance to redress the grantor’s dissatisfaction with the consideration” when a promise of lifetime support is involved. Thus, count two of Dunn’s complaint, which asserted a failure of material consideration for the conveyance, constituted a short and plain statement of entitlement to relief under § 8-9-12.
 
 See Martin,
 
 998 So.2d at 1084 (plaintiff, who clarified on the day of trial that her cause of action to invalidate a deed for lack of consideration was asserted under § 8-9-12, Ala.Code 1975, had provided adequate notice, pursuant to Rule 8, Ala. R. Civ. P., of her claim to defendants).
 

 Additionally, Dunn clearly stated in her response, filed in opposition to Sharon and Anthony’s summary-judgment motion, that she was proceeding under § 8-9-12, Ala.Code 1975, thereby placing Sharon and Anthony on notice of such claim before the summary-judgment hearing.
 
 See Boackle v. Jefferson Mem’l Co.,
 
 408 So.2d 518, 520 (Ala.Civ.App.1981) (noting that issues framed by formal pleadings are not controlling on a motion for summary judgment and that a court considering whether to grant such a motion is to consider the issues presented by the parties in then-supporting and opposing submissions).
 
 [3]
 
 Sharon and Anthony did not move to strike or otherwise oppose Dunn’s allegations. Moreover, Dunn submitted evidence to the trial court in support of her § 8-9-12 claim, and Sharon and Anthony did not move to strike that evidence.
 

 As established in the trial court’s summary-judgment order, the trial court considered Dunn’s § 8-9-12 claim and her supporting evidence at the summary-judgment hearing, along with Dunn’s other claims. We find no indication in the record that Sharon and Anthony ever objected to the trial court’s consideration of that claim or Dunn’s evidence in support of that claim at that time. Because Dunn’s § 8-9-12 theory is arguably subsumed under count two of her complaint, because the trial court properly deemed the § 8-9-12 theory as being before the court for decision, and because Sharon and Anthony failed to challenge that determination, we proceed to consider the merits of Dunn’s challenge to the summary judgment in light of § 8-9-12.
 

 Section 8-9-12 provides:
 

 “Any conveyance of realty wherein a material part of the consideration is the agreement of the grantee to support the grantor during life is void at the option
 
 *812
 
 of the grantor, except as to bona fide purchasers for value, lienees, mortgagees without notice, if, during the life of the grantor, he takes proceedings to annul such conveyance.”
 

 The deed at issue in this case provided that the conveyance was made in consideration of $10 “and other valuable consideration.” The deed did not recite that Sharon and Anthony were to provide support and care for Dunn as consideration for the conveyance. “However, parol evidence is admissible to show that the actual consideration for the execution of the deed was the promise on the part of the grantee to support and care for the grantor during his or her life.”
 
 Martin,
 
 998 So.2d at 1084 (citing
 
 Kirkpatrick v. Jones,
 
 585 So.2d 828, 830 (Ala.1991)). As recognized in
 
 Kirkpatrick,
 
 such parol evidence is deemed admissible “where [it] will not contradict a written statement purporting to set the full consideration.” 585 So.2d at 830.
 

 In opposing Sharon and Anthony’s summary-judgment motion, Dunn submitted excerpts of Anthony’s and Sharon’s deposition transcripts. During his deposition, Anthony testified:
 

 “Q: .Was there a discussion about a purchase price?
 

 “A: I told her we would pay off the mortgage and she could stay there and she would have no bills, that I would pay the power bill.
 

 [[Image here]]
 

 “Q: And you had agreed to take care of her as long as she was alive—
 

 “A: As long as she wanted to live there.
 

 “Q: —and pay all of the bills?
 

 “A: And pay the bills. Yes, sir.”
 

 Further, Sharon testified at her deposition:
 

 “Q: Now, what were the arrangements between you and your mother with regard to her living after you bought this property?
 

 “A: We told her that she could live there forever. We would take care of the bills and she could stay there as long as she needed to.
 

 “Q: As part of her giving you this property?
 

 “A: That wasn’t the stipulation but that was our agreement.”
 

 As evidenced by the deposition excerpts, Sharon and Anthony admitted that they had represented to Dunn that, in exchange for her conveyance of the property to them, she could live on the property for as long as she wanted and that they would take care of her bills. That evidence brings Dunn’s claim within § 8-9-12.
 
 See Martin,
 
 998 So.2d at 1085 (“[A] grantor who conveys his or her property in exchange for the grantee’s promise that he or she will support the grantor for life may annul the conveyance.”).
 

 Sharon and Anthony argue that the parol evidence offered by Dunn is inadmissible because it contradicts the consideration recited in the deed. We disagree. In fact, the language included in the deed expressly acknowledged that “other valuable consideration” was contemplated in exchange for the conveyance of the property in addition to the $10 specifically stated. Thus, because the parol evidence offered by Dunn did not contradict the consideration recited in the deed, that parol evidence was admissible in support of her theory that the conveyance should be declared void under § 8-9-12.
 
 Martin,
 
 998 So.2d at 1085 (recognizing that parol evidence not inconsistent with the deed was properly considered at trial to set aside a conveyance pursuant to § 8-9-12, in order to determine grantor’s purpose and moti
 
 *813
 
 vation in conveying her property);
 
 Kirkpatrick,
 
 585 So.2d at 830 (accord).
 

 Sharon and Anthony also argue that any parol evidence in the record indicating that an agreement to provide support was a material part of the consideration for the conveyance did not rise to the level of “clear, satisfactory, and convincing” evidence.
 
 See Entrekin v. Entrekin,
 
 388 So.2d 931, 932 (Ala.1980) (reversing a judgment entered after an ore tenus proceeding when there was “no direct evidence of a support agreement”). Again, we must disagree. Dunn submitted testimony from Sharon and Anthony in which they admitted that, in addition to having paid off Dunn’s mortgage indebtedness, they had offered to allow Dunn to live on the property for as long as she wanted and to pay her bills in exchange for the conveyance. Based upon that testimony, it cannot be said that there is no genuine issue of material fact concerning whether a promise to allow Dunn to live on the property was made and that that promise formed part of the inducement for Dunn’s conveyance of the property. As a result, we conclude that Dunn’s evidence rises to the level necessary to sustain her § 8-9-12 claim at the summary-judgment level. That section is in place “to protect ‘the aged, weak, or afflicted [who] had improvidently executed conveyances upon the promise of support.’”
 
 Stewart v. Dickerson,
 
 455 So.2d 809, 810 (Ala.1984) (quoting
 
 Heartsill v. Thompson,
 
 245 Ala. 215, 218, 16 So.2d 507, 509 (1944)). Whether any promise of lifetime support made to Dunn by Sharon and Anthony was material to Dunn’s conveyance of the property is to be determined by the trier of fact.
 

 We stress that this appeal is before us from a summary judgment. Dunn’s burden was only to rebut the showing made by Sharon and Anthony,
 
 ie.,
 
 to establish that genuine issues of material fact actually existed such that Sharon and Anthony were not entitled to judgment as a matter of law.
 
 See
 
 Rule 56, Ala. R. Civ. P. We conclude that Dunn met that burden as to her theory invoking § 8-9-12, and we reverse the summary judgment entered in favor of Sharon and Anthony on count two.
 

 Dunn’s Conversion Claim
 

 Dunn also challenges the summary judgment as to her claim of conversion.
 

 “To constitute conversion, there must be a wrongful taking or a wrongful detention or interference, or an illegal assumption of ownership, or an illegal use or misuse of another’s property. Conversion requires ‘a wrongful exercise of dominion over property in exclusion or defiance of a plaintiffs rights, where said plaintiff has ... the immediate right to possession.’
 
 [Empiregas, Inc. of Gadsden] v. Geary,
 
 431 So.2d 1258, 1260 (Ala.1983).”
 

 Covington v. Exxon Co., U.S.A.,
 
 551 So.2d 935, 938 (Ala.1989).
 

 In her complaint, Dunn alleged that, after she had executed the deed conveying the property to Sharon and Anthony, Sharon and Anthony had forced Dunn to leave the property without her personal property, including a Honda Civic automobile, jewelry, guns, clothing, furniture for a three-bedroom house, keepsakes and collectibles, and other personal effects. Dunn asserted that Sharon and Anthony had subsequently exercised dominion and control over her personal property and that, at the time she filed her complaint, she no longer knew the whereabouts of her belongings.
 

 The parties submitted scant evidence regarding the conversion claim in connection with the summary-judgment motion. Sharon and Anthony admitted that, on some unidentified date after Dunn had been removed from the property (which
 
 *814
 
 presumably occurred on approximately July 1, 2007), they had notified Dunn that, at her own expense, Dunn could send movers to the property to retrieve her personal property.
 
 [4]
 
 A reasonable inference from that evidence is that Sharon and Anthony acknowledged that at one time they, in fact, had possession of personal property belonging to Dunn. Dunn acknowledged receipt of that offer, although she did not send movers to retrieve her belongings.
 

 The evidence also established that, on some unidentified date, Sharon and Anthony had shipped a portion, i.e., five or six boxes, of Dunn’s personal effects to the home of Dunn’s sister, Inez. According to Dunn, she was living with her son at that time; in her deposition, Dunn testified that she did not know the contents of the boxes at Inez’s house and that she did not know the location of the remainder of her property.
 

 As recognized in 90 C.J.S.
 
 Trover and Conversion,
 
 § 3 (2002):
 

 “The essence of conversion is a wrongful deprivation of the owner’s property, whether temporarily or permanently.
 

 “... The essence of conversion is not the acquisition of property by the wrongdoer, but a wrongful deprivation of it to the owner, with a temporary deprivation being sufficient.
 

 [[Image here]]
 

 “It is of no importance what subsequent application is made of the converted property or that the defendant derived no benefit from it.”
 

 (Footnotes omitted.)
 

 In
 
 White v. Drivas,
 
 954 So.2d 1119 (Ala.Civ.App.2006), this court addressed the tort of conversion at length, stating:
 

 “ ‘[A] conversion is said to consist “‘either in the appropriation of the thing to the party’s own use and beneficial enjoyment, or its destruction, or in exercising of dominion over it, in exclusion or defiance of the plaintiffs right, or in withholding the possession from the plaintiff, under a claim of title inconsistent with his own.’ ”
 
 Clardy v. Capital City Asphalt Co.,
 
 477 So.2d 350 (Ala.1985), citing
 
 Geneva Gin & Storage Co. v. Rawls,
 
 240 Ala. 320, 322, 199 So. 734 (1940) (quoting
 
 Conner & Johnson v. Allen & Reynolds,
 
 33 Ala. 515, 517 (1859)). But “[t]he bare possession of property without some wrongful act in the acquisition of possession, or its detention, and without illegal assumption of ownership or illegal user or misuser, is not conversion.”
 
 Clardy,
 
 477 So.2d at 352, citing
 
 Bolling v. Kirby,
 
 90 Ala. 215, 7 So. 914, 24 Am. St. Rep. 789 (1890).’
 

 “Martin v. Luckie & Forney, Inc.,
 
 549 So.2d 18, 19 (Ala.1989)....
 

 “ ‘ “Four different actions may constitute conversion: a wrongful taking, a wrongful detention, an illegal assumption of ownership, or an illegal use or misuse.
 
 National Surety Co[rp]. v. Applied Systems, Inc.,
 
 418 So.2d 847 (Ala.1982).”
 

 “‘Tyler v. Equitable Life Assurance Society of the United States,
 
 512 So.2d 55, 57 (Ala.1987).’
 

 “Jones v. DCH Health Care Auth.,
 
 621 So.2d 1322, 1323 (Ala.1993)....
 
 See also SouthTrust Bank v. Donely,
 
 925 So.2d 934, 939-40 (Ala.2005).
 

 “ ‘Conversions may be divided into four classes, (1) by a wrongful taking,
 
 *815
 
 (2) by an illegal assumption, (3) by an illegal user or misuser, (4) by a wrong detention. In the first three classes, there is no necessity for a demand and refusal. In the latter class, a demand and refusal is required as the detention of a chattel furnishes no evidence of a disposition to convert to the holder’s own use, or to divest the true owner of his property.’
 

 “Scott Paper Co. v. Novay Cherry Barge Serv., Inc.,
 
 48 Ala.App. 368, 371, 265 So.2d 150, 153 (Civ.App.1972).
 
 See also
 
 W. Page Keeton et al.,
 
 Prosser and Keeton on the Law of Torts
 
 § 15, at 99 (5th ed. 1984) (‘Where there has been no wrongful taking or disposal of the goods, and the defendant has merely come rightfully into possession and then refused to surrender them, demand and refusal are necessary to the existence of [conversion].’ (footnote omitted)).
 

 “1 “There is no doubt that an absolute or unqualified refusal to surrender possession of personal property to one entitled thereto constitutes a conversion. A limited or qualified refusal to surrender the property is not per se a conversion.
 
 Bolling v. Kirby,
 
 90 Ala. 215, 7 So. 914 [ (1890) ]. But the refusal must be a reasonable qualification or requirement and stated in good faith.” ’
 

 “Gabrielson v. Healthcorp of Eufaula, Inc.,
 
 628 So.2d 411, 414 (Ala.1993) (quoting
 
 Scott Paper Co.,
 
 48 Ala.App. at 370, 265 So.2d at 153). “Whether or not the refusal to surrender possession of personal property is based upon a reasonable qualification or requirement is a question for the jury or ... the trier of the facts.’
 
 Scott Paper Co.,
 
 48 Ala.App. at 371-72, 265 So.2d at 153.”
 

 954 So.2d at 1123-24 (emphasis omitted).
 

 In arguing that they were entitled to a summary judgment on Dunn’s conversion claim, Sharon and Anthony asserted that Dunn had failed to make a formal demand for her property. However,
 

 “[w]here there has been a wrongful conversion of property, demand for surrender is irrelevant.... A demand is only necessary in those cases ... where property has come into possession of the defendant by the consent of the plaintiff, and the plaintiff relies on the wrongful detention of the property by the defendant to sustain his action.”
 

 Kemp’s Wrecker Serv. v. Grassland Sod Co.,
 
 404 So.2d 348, 352 (Ala.Civ.App.1981).
 

 Although Dunn conveyed her real property to Sharon and Anthony, no evidence was offered to indicate that Dunn also thereby conveyed her personal property to Sharon and Anthony. Additionally, Dunn asserted that she had been forced to leave the property by Sharon and Anthony and that she had been allowed to take only a few personal items with her. The evidence presented by Sharon and Anthony failed to negate any genuine issue of material fact as to Dunn’s allegations. Thus, whether Sharon and Anthony originally came into possession of Dunn’s personal property with Dunn’s consent remains a disputed issue of fact. Even if Sharon and Anthony could properly be said to have come into possession of Dunn’s belongings with Dunn’s consent, three of the four categories of conversion recognized under Alabama law require no demand for return of possession.
 
 See White, supra.
 
 Thus, Dunn’s failure to demand the return of her property before filing her complaint in this action was an insufficient basis upon which to render a summary judgment on Dunn’s conversion claim.
 

 Further, although Sharon and Anthony argued that a portion of Dunn’s personal property had been shipped to the home of
 
 *816
 
 Dunn’s sister, Inez, the record does not establish that Dunn acquiesced in that action.
 
 [5]
 
 Relinquishing control of Dunn’s belongings to a third party is not equivalent to returning those belongings to Dunn. Moreover, Sharon and Anthony did not represent that all Dunn’s belongings had been shipped to Inez’s house, and they offered no explanation for the whereabouts of the remainder of Dunn’s personal property.
 
 [6]
 

 Additionally, Sharon and Anthony argue that they offered Dunn the opportunity to retrieve her belongings by offering to allow her to send movers to the property on a designated date. However, as previously noted, Sharon and Anthony failed to negate Dunn’s allegation that she had been forced from the property without her belongings. Sharon and Anthony also failed to establish the date of their offer to allow Dunn to retrieve her belongings. Thus, Dunn’s contention that Sharon and Anthony wrongfully interfered with Dunn’s ownership and possessory rights in her personal property for some period remains at issue. At this stage of the litigation, we conclude that Sharon and Anthony simply did not meet their burden of proof as to their summary-judgment motion on the conversion claim.
 

 We reverse the summary judgment as to Dunn’s claim that the conveyance of the property is due to be invalidated pursuant to Ala.Code 1975, § 8-9-12, and as to Dunn’s claim of conversion. We affirm the summary judgment as to all other claims asserted in Dunn’s complaint.
 
 See Leisure American Resorts, Inc. v. Knutilla,
 
 547 So.2d 424, 425 n. 2 (Ala.1989). We remand this cause to the trial court for further proceedings consistent with this opinion.
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 

 All the judges concur.
 

 [1]
 

 . Sharon and Anthony noted that Dunn had been offered the opportunity to retrieve her personal property with the exception of an automobile that was referenced in the complaint as Dunn's property but that Sharon and Anthony contended had actually been sold to Anthony.
 

 [2]
 

 . Dunn also submitted an unverified written statement, ostensibly given by her physician,
 
 *810
 
 Dr. O.D. Mitchum, indicating that Dunn “was unable to make rational decisions between the dates of 05-01-2007 to 06-30-2007.”
 

 [3]
 

 .
 
 But cf. Bechtel v. Crown Central Petroleum Corp.,
 
 451 So.2d 793 (Ala.1984) (indicating that affirmative defenses that are required to be set forth in a responsive pleading under Rule 8(c), Ala. R. Civ. P., may not properly be asserted for the first time in a post-answer summary-judgment motion).
 

 [4]
 

 . Dunn executed the deed on May 16, 2007. According to Sharon, Dunn was released from Wiregrass Nursing Home, where she had undergone rehabilitation following surgery, on July 1, 2007; Dunn's complaint indicates that she was forced from the property on that same day. Dunn filed her complaint on August 28, 2007.
 

 [5]
 

 .
 
 The record indicates that "an arrangement was made between Inez and Sharon for [Dunn’s] personal property” to be shipped to Inez’s house.
 

 [6]
 

 . It cannot be seriously contended that all of the items listed in Dunn's complaint are accounted for in the five or six boxes that Sharon and Anthony shipped to Inez's house. Dunn's complaint alleged that the following personal items, among others, had been converted by Sharon and Anthony: living-room, dining-room, kitchen, and bedroom furniture; an automobile; and various guns. We also note that Sharon and Anthony expressly refused to return the automobile to Dunn, claiming that it had been sold to Anthony.